## Denker, et al. v. Lowe.

(Decided October 28, 1921.)

## Appeal from McCracken Circuit Court.

1. Negligence—Concurring Negligence.—Where the negligence of two persons is the proximate cause of an injury, each of them is liable for the damages.

2. Municipal Corporations—Streets.—All the streets of a municipality are presumed to be public streets, which it is the duty of a municipality to maintain in a reasonably safe condition for public travel, and if it is a fact that a street, whereon an injury occurred, was not a street for the condition of which the municipality is liable, it is the duty of the municipality to show it by answer.

MOCQUOT & BERRY, ROSCOE REED and T. N. HAZELIP for appellants.

BAGBY & MARTIN and L. M. BROOKS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Affirming.

The appellee, Mary Lowe, suffered personal injuries, as she alleged, because of the concurrent and combined negligence of the appellant, Charles Denker, who was doing business under the name of Denker Transfer Company, and the city of Paducah. Upon a trial of the action, the jury awarded damages in the sum of $1,000.00, which it apportioned equally as against the two appellants. They have each appealed.

The facts upon which the action was based appear from the evidence to be as follows: The appellee employed the Denker Transfer Company to transport her from a hospital in the city of Paducah, to her home which was upon a street in that city. The transfer company was engaged in the business of operating motor vehicles, upon the streets of the city, and transporting passengers from one portion of the city to another, for hire. The city of Paducah is a municipal corporation of the second class, having such charter rights and obligations as a city of that class has under the laws of this state, and one of the latter of which is to exercise ordinary care to maintain its streets in a reasonably safe condition for travel by the public At or near the intersection of Sixth and Burnett streets, a depression in the street had been permitted for three or more years, which extended along one side of Burnett street for sixteen feet, and was of the depth of about eighteen inches and about four feet in width. The other side of the street was free of obstructions, and persons driving vehicles could, by driving to that side, avoid the depression. The appellant, Denker Transfer Company, was transporting the appellee as a passenger in a taxicab, and when within a short distance before arriving at the intersection where the obstruction existed in the street, the appellee observing that the chauffeur was driving the taxicab at a pretty rapid rate of speed, touched him on the shoulder and warned him that they were approaching a dangerous place and to be careful. The chauffeur merely nodded his head, and instead of slacking his speed so as to make the contact with the obstruction less calculated to produce disastrous results, or instead of avoiding the obstruction by driving to the other side of the street, he drove the machine, without slacking the speed, into the obstruction. The severe jolt resulted in appellee's head coming in contact with

the top of the taxicab with great force, the rebound threw her back upon the seat forcibly, and struck her face against the seat in front. Two of appellee's front teeth were broken off, and others loosened so that she lost them, and her spinal column was wrenched and the cartilage between two of its sections crushed out, resulting in her permanent injury.

The Denker Transfer Company insists that a judgment for damages should not have gone against it because its negligence was not the proximate cause of the injury, and relies upon the fact that if there had been no obstruction in the street there would have been no injury. The fact is overlooked that if the driver of its taxicab had slackened its speed upon approaching the obstruction there would have been no sudden and forcible jolt, or if he had driven to the other side of the street and avoided the obstruction, although such action would probably have required the slackening of his speed, and the exercise of some degree of care, there would have been no injury. It is a clear case of the combined and concurrent negligence of the city in permitting the obstruction to be in the street, and the negligence of the taxicab driver in driving into it with such reckless abandon as to produce a violent jolt to a passenger, or negligently failing to slacken his speed and drive around the obstruction, produced the injury. The negligence of each concurred with the negligence of the other, and but for the negligence attributable to each, the injury would not have occurred. In such instances the *tort feasors* are jointly and severally liable. Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 741; City of Louisville v. Heitkemper, 169 Ky. 167; Louisville Home Telephone Co. v. Gasper, 123 Ky. 128; Louisville v. Hart's Administrator, 143 Ky. 171; Pugh v. C. & O. Ry. Co., 101 Ky. 77. The negligence of each was in the nature of a proximate cause.

The city of Paducah seeks a reversal of the judgment against it on the ground, that the court erroneously overruled its motion for a directed verdict in its favor, and erroneously instructed the jury, in substance, that it was the duty of the city to exercise ordinary care to maintain the street in a reasonably safe condition for public travel, when the evidence disclosed that the street was an unimproved street, and one which the city was not under the duty to maintain in a reasonably safe condition. Without deciding the question, as to whether a municipality is under all circumstances not liable for the safe condi-

tion of an unimproved street, over which it has the power to exercise control, the evidence as we understand it, proves that the improvement of the street occurred before the injury, as the condition of the street was shown to be the same at the time of the trial, as at the time of the injury. The improvement proven was the grading of the street and placing some gravel upon it, which was an acceptance of the street as a public way and an invitation to the public to make use of it. In Henderson v. White, 20 K. L. R. 1525, a municipality was held to be liable for injuries arising from defects and obstructions in a street, where the municipality had cut the weeds, in it, and filled up the holes. This unmistakably evinced a disposition on the part of the governing authorities of the city, to exercise control over the street and an invitation to the public to use it. However, there was no issue made in the pleadings, upon the subject, as to whether it was a public street. The petition alleged that the street was within the corporate limits of the municipality, and that it had and exercised control over it. This made it sufficient on demurrer. Henderson v. Sizemore, 31 K. L. R. 1134. The answer presented no denial of the fact, that it was a public street, nor pleaded any fact, in avoidance of the city's obligation, with reference to it. Having been confessed in the pleadings, that it was a public street, it was not an issue, and no evidence was necessary touching that question. The general rule prevailing is that all the streets of a city are presumed to be public streets, in the absence of a showing to the contrary, and it having been admitted, that it was a public street, the municipality was responsible for its safe condition, and if there was any reason existing to exempt the municipality from liability for its unsafe condition, it was its duty to present it by answer, and having failed to do so, it can not now complain. Gallamore v. Olympia, 75 Pac. 978. With this view, the court committed no error in overruling the motion for a directed verdict nor in instructing the jury, that the municipality must exercise ordinary care to maintain the street, in a reasonably safe condition for travel, aside from the fact that the evidence showed, that the city had accepted the street as a public thoroughfare for travel.

The judgment is therefore affirmed.