# Phillips v. Scott.

(Decided May 18, 1934.)

CHILDERS & BOWLES for appellant.

W. K. STEELE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming:

Appellant, then a minor, on December 23, 1931, sued John Scott, Sr., for $10,000 for injuries which he alleged resulted to him from the negligent and wrongful acts of the defendant, and the court having directed a verdict against him, he has appealed.

## The Facts.

John Scott, Sr., owned a Chevrolet sedan, which he allowed his son, John Scott, Jr., to drive. On Sunday, September 6, 1931, John Scott, Jr., was driving this machine and he met appellant (then seventeen years of age) and asked him to ride. After the two boys had ridden around for a while, young Scott asked appellant to drive and for some time he did, and about nightfall appellant drove the machine to the home of John Scott, Sr., and into his garage, where he left the machine out of gear and with the brakes off. While closing the doors the boys noticed the machine had begun rolling backwards. Young Scott ran to get into the machine to stop it, and appellant braced himself against the rear of the machine in an effort to stop it. Both efforts were unsuccessful, and the sedan ran over the appellant, so breaking both bones of his left leg between the ankle and the knee as to necessitate an operation and the wiring of the bones together. Appellant after a long and painful hospital experience has now a crooked and misshaped leg which will remain so.

#### Whose Negligence Injured Appellant?

Both the Scotts may have been negligent, but appellant was not injured thereby. It was he who left the machine in such a condition it was caused to roll back. and he voluntarily undertook to stop it and in doing so got hurt.

#### Is John Scott, Sr., Responsible?

John Scott, Jr., was but thirteen years of age; hence his operation of this machine was unlawful. See section 2739g-34, Ky. Stats. A person injured by the violation of a statute may recover. See section 466, Ky. Stats. Such recovery cannot be had unless the injury is the proximate result of the violation of the statute. It was not so in this case. Appellant's injuries resulted from his own act. Allowing young Scott to drive this machine was a remote cause of this injury, one of the causes of the cause of it; but the law does not look beyond the proximate cause. Winders' Adm'r v. Henry Bickel Co., 248 Ky. 4, 57 S. W. (2d) 1009.

Judgment affirmed.