## Howard v. Fowler.

December 12, 1947.

Rehearing denied February 10, 1948.

J. J. Tye, Special Judge.

G. E. Reams and Cleon K. Calvert for appellant.

Patterson & Wilson for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Reversing.

This is an appeal from a $20,000 judgment for personal injuries allegedly caused by the negligence of appellant's agent. A number of errors are urged for reversal, but we deem it necessary to consider only the issue of negligence and the right of appellant to a directed verdict.

Appellant is the owner of a common carrier bus line. On the afternoon this accident occurred, appellant's bus was parked somewhere near the middle of highway 72 close to its intersection with U. S. Highway 119 in the community of Blackmont. The former road leads to Alva and dead-ends on highway 119.

The approach to the intersection is best described

as being in the form of a V. The highway from Alva enters from the south at the lower point. The left leg of the V curves to the west and leads onto highway 119 toward Pineville. The right leg curves toward Harlan. The highway from Alva has a paved surface 20½ feet wide. The triangular approach opens up to a width across the top of approximately 150 to 180 feet. In the center of the V, which may be envisioned as a smaller triangle, is an area which is customarily used by the community and by appellant as a parking space for vehicles. This parking space is not officially marked off, but on either side of it are well defined paths for moving traffic.

On the afternoon of the accident, appellant's bus was parked within what we have designated the triangular parking area. It was headed generally south, or toward the bottom of the V. Its rear end was a few feet south of the main highway running east and west across the top of the V. At the time this bus was parked, there was a flat bottomed truck owned by one Saylor in front, or south, of it headed in the same direction. The left rear end of the truck was within a few feet of the right front door of the bus. This door was open.

Appellee was on his way to a place known as Black Star, which is on the Alva Road. He had arrived at Blackmont from Pineville. He had walked over to appellant's bus for the purpose, according to his testimony, of taking passage. The driver of the bus, while waiting to meet another one, had left it temporarily. Appellee did not get on the bus, but stood around near the open door, apparently conversing with other persons in the vicinity. He had been standing there several minutes when the accident occurred. He was resting one of his arms on the bed of the truck parked in front of the bus.

The accident happened as follows: One Taylor was operating a Buick automobile northward on the highway from Alva at a high rate of speed. (Taylor testified he was travelling at 20 miles an hour at the time of the collision, but other testimony and the circumstances indicate that this estimate is incredible.) Taylor intended to make a left turn to go west toward Pineville. His automobile struck the bed of the truck parked in front

of the bus. The impact caused the automobile to leave the ground, turn over in the air a few times, and come to rest upside down on the north side of the main highway across the top of the V. At the time of the collision, a part of the truck bed struck appellee, inflicting serious personal injuries.

Appellant's bus played no part in this accident except that it was present in the vicinity. Neither Taylor's automobile nor Saylor's truck nor appellee struck, or was struck by, the bus.

This collision took place some time in the late afternoon somewhere between broad daylight and dark. The time of its occurrence is not fixed with any definiteness, nor was any attempt made to show what time the sun set on this particular day. The witnesses generally agree that the accident occurred about dusk, "around dusky dark." Apparently there were no lights on either the truck or the bus. There is some question as to whether or not Taylor had his lights burning. The operator of another automobile in the vicinity had turned his lights on at that time.

Taylor's version of the accident is that the position of the truck and the presence of another automobile parked opposite it on the left leg of the V partially blocked the road. He insists that he could not get through without striking either the truck or the parked automobile. He fails to explain why it was necessary to strike any vehicle, especially in view of the fact that the Alva Road leading into this intersection is straight for several hundred feet; he knew he was coming to a dead-end; and there is a highway stop sign south of the intersection. It is difficult to ignore the evidence that Taylor was intoxicated and was operating his automobile at a reckless speed and in a reckless manner.

We have grave difficulty in pinning down the theory of appellee upon which he bases his claim of liability on the part of the bus company. Apparently his contentions are three-fold: (1) as a passenger, appellant did not furnish him a reasonably safe place to board the bus, (2) appellant violated certain motor vehicle laws which constituted negligence, and (3) the parking of the bus where it might obstruct the highway was negligence.

Both parties extensively argue the question of the carrier-passenger relationship. There is serious doubt that appellee at any time had become a passenger. We do not consider it necessary to decide this question as it affects only the degree of care which appellant was required to exercise. For the purposes of this case we will assume, although we definitely do not decide, that appellant was under a duty to exercise the highest degree of care to protect appellee from injury.

The mystery in the case is to find negligence on the part of appellant's driver. Appellee insists that Sections 189.450 and 189.030, KRS, were violated. The former section prohibits, among other things, parking "within an intersection" or parking at any other point except the right hand side of the road where such point is "less than 150 feet from the brow of a hill or where his view is otherwise obstructed for that distance." The latter section requires that lights on vehicles be illuminated "one-half hour after sunset."

If we were to assume that mere violation of these statutes constituted negligence, the evidence did not establish the violations.

The bus was not parked "within" an intersection. It was parked on highway No. 72, which is the approach to the intersection. It in no way affected travel on highway 119.

Since the Alva Road stretched straight away for over 300 feet and the view was not otherwise obstructed, the statute requiring parking on the right hand side was not violated.

Appellee failed to prove the time of sunset on the day of the accident, and failed to establish a violation of the statute with respect to the illumination of lights on the bus.

Even if appellee had proved a violation of one or more of the statutes, it does not follow that this constituted negligence *as to appellee*. While as a general rule the violation of a motor vehicle law with reference to operation of an automobile is negligence per se (Home Laundry Co. et al. v. Cook, 277 Ky. 8, 125 S. W. 2d 763), this rule is not applicable if the violation does

not constitute a breach of duty *owed the injured party* or is not *a cause* of the accident. In this case the position of the bus and its lack of illumination did not constitute violations of any duty owed appellee nor a cause of his injuries. The driver may have been negligent as to the operators of other vehicles or other persons, but there was no negligence as to appellee.

We come now to the question of whether or not appellant was otherwise negligent. Appellee's theory seems to be that the bus had been parked in such a position as to partially block the highway, creating a dangerous situation which was cooperative with the negligence of the automobile driver in causing the accident.

Let us re-examine the concept of negligence. As stated in Warfield Natural Gas Co. v. Allen et al., 248 Ky. 646, 649, 59 S. W. 2d 534, 536, 9 A. L. R. 890:

"Actionable negligence consists of a duty, a violation thereof, and a consequent injury. The absence of any one of the three elements is fatal to the claim."

In Chesapeake & O. R. Co. v. Carmichael, 298 Ky. 769, 770, 184 S. W. 2d 91, 92, we stated: "the negligence for which the law imposes liability presupposes a legal duty, coupled with an injury resulting in direct and natural sequence from a breach of it."

In Louisville & N. R. Co. v. Vaughn, 292 Ky. 120, 125, 166 S. W. 2d 43, 46, we stated:

"Duty may be measured by reasonable apprehension, and civil wrong is defined in terms of the natural and probable."

In 38 Am. Jur., "Negligence," Section 23, the following appears:

"The foundation of liability for negligence is knowledge—or what is deemed in law to be the same thing: opportunity by the exercise of reasonable diligence to acquire knowledge—of the peril which subsequently results in injury."

Admitting for our present purposes that some duty was owed by appellant to appellee, there could still be no liability unless we find a *violation of the duty*. Regardless of the degree of care which was required of ap-

pellant's driver, a breach of duty can only be found in a failure to exercise proper diligence *under the circumstances*. While he may be bound to apprehend danger, his duty is limited to the *natural and probable*. He is not bound to anticipate nor take precautions against the unforeseeable in the normal course of events.

Let us review the salient facts in this case. Appellant's driver parked a bus where it had customarily been parked and in a place where other members of the community had customarily parked their vehicles. It was not on the highway where vehicles ordinarily travel. It was behind another vehicle facing toward Alva. The Alva Road was straight and unobstructed for several hundred feet. The driver did not know of the presence or position of appellee. Even had he so known, there were no circumstances which would have indicated to even an extremely prudent person that appellee was in any danger.

The actual facts of the accident constitute the best proof that appellant driver had not failed to exercise proper care under the circumstances. The bus was in no way involved in the collision. As before noted, it was not struck by Taylor's automobile nor did it strike the plaintiff. The collision took place between the automobile and Saylor's truck.

Summing up the situation, it is evident that appellant's driver could not in the exercise of the highest degree of care anticipate any one, much less all of the following: the extremely reckless operation of the automobile by Taylor; his failure to slow down in order to stop at the intersection as required by law; the presence of another parked automobile which Taylor says contributed to the accident; the collision of the truck and the automobile; the position of appellee in the vicinity; appellee's peril; or his injury. Appellee had been furnished a reasonably safe place to board the bus. Under the circumstances, appellant's driver was guilty of no act or omission which could by any stretch of the imagination constitute a violation of any duty owed appellee. For this reason appellee failed to prove negligence on the part of appellant, and a verdict should have been directed in the latter's favor. It is unnecessary to consider other questions raised on this appeal.

For the reason that a verdict should have been directed for appellant, the judgment is reversed for proceedings consistent herewith.