## Brown Hotel v. Levitt.

January 23, 1948.

Rehearing denied March 26, 1948.

B. H. Farnsley, Judge.

Robert F. Vaughan for appellant.

Steinfeld & Steinfeld for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Appellant, Brown Hotel, prosecutes this appeal from a judgment for $1,000 in favor of appellee, Bertha Levitt.

On the morning of September 19, 1945, Mrs. Levitt and her husband, who were guests at the Brown Hotel, descended in the elevator to the lobby floor of the hotel, passed by the clerk's desk for mail, and then proceeded to the street floor by the stairway leading from the lobby floor to the street floor. The stairway is constructed of marble and is 11 feet wide and consists of two portions with a landing dividing the upper and lower portions. When Mr. and Mrs. Levitt were about half way down the upper portion, a man behind them fell and struck Mrs. Levitt about the calf of her legs knocking her feet from under her, precipitating her fall, and thereby causing injuries for which she sought damages.

In her petition she alleged that the stairway exceeded 8 feet in width and that at the time and place of the accident the defendant hotel was grossly careless and negligent in the construction and maintenance of the stairway.

The defendant filed motion to require plaintiff to make her petition more definite and certain, especially insisting that plaintiff should say whether the stairway referred to was negligently constructed or whether it

was negligently maintained, and also to point out what defects were in the construction or the maintenance which caused the alleged fall and the consequent injuries.

Before this motion was ruled upon the plaintiff filed an amended petition in which she alleged that by virtue of an ordinance of the City of Louisville, wherein the hotel building is located and maintained by the plaintiff, it is provided as follows: "All stairs shall have walls or well secured balustrades or guards on both sides, and except in dwellings, shall have handrails on both sides. A stairway of seven (7) feet or more in width shall be provided with a continuous intermediate handrail substantially supported."

In this amended petition plaintiff alleged that because of the failure of the defendant to provide the handrails "plaintiff was unable to prevent herself from falling while descending said stairway and by reason thereof * * * plaintiff was caused to fall."

Upon trial the jury rendered a verdict in her favor as above stated, and this appeal followed.

The motion and grounds for a new trial are confined to two questions: (1) The error of the court in overruling the defendant's motion for a peremptory instruction, and (2) The error of the court in its Instruction No. 1.

The unknown person whose fall precipitated the fall of plaintiff, with its resulting injury, almost entirely disappears from the record, and in order to place liability on, and recover from the hotel, appellant invokes the aid of an ordinance requiring the defendant to place railings on each side and in the center where the steps exceed 7 feet in width.

Appellee takes the position that had the railings been constructed in accordance with the provisions of the ordinance her fall could have been averted through her ability to hold on to the rail. It is true there was a duty on the part of the defendant to protect the plaintiff. It should have conformed to the provisions of the ordinance, and failing so to do there was a breach of duty on the part of the Hotel.

In Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S. W. 2d 564, 566, we said: "A violation of the terms of a statute or ordinance is in this jurisdiction held to be negligence per se. But, of course, that negligence must have been the proximate cause of the injury in order to authorize recovery of compensation."

Even though there was a violation of terms imposed expressly by ordinance, it does not necessarily follow that the occurrence of an injury establishes negligence for which the law imposes liability. If there is liability the negligence complained of presupposes that the violation of an existing duty was directly responsible for, or the proximate cause of the injury. To accept appellee's theory in its entirety would be to adopt the old theory not entirely logical that "but for" the failure to have the railings the injury would not have resulted. It is obviously necessary to the existence of liability for negligence that the Hotel's failure to place the rails shall be a substantial factor in bringing about the injury. If the injury would have been sustained without the Hotel's negligence in that respect, then the failure to have the railing would not be a substantial factor in producing the injury. On the other hand, if the failure to take the precaution, pursuant to the ordinance, was sufficient to bring about the injury without the other operating force or cause, then liability attaches because of that failure. Or, where the two are actively operating, and each independent of the other is sufficient to bring about the injury, then either may be held to be a substantial factor in bringing about the injury.

It is argued by appellant that the purpose of the ordinance was limited to the protection of persons in going from the building in case of fire. We cannot agree with appellant in this argument. Obviously the purpose of the ordinance was for the safety of persons using the steps either in ingress or egress.

But we can agree with appellant in that the particular thing that happened here was most likely not within the zone of apprehension of the ordinance. If the violation of an ordinance calling for a prescribed safeguard does not necessarily establish liability, it will be much more so if the ordinance is intended only to pro-

tect against hazards entirely different in kind to the occasion of the injury. It follows then that where a statutory command is not obeyed there is no breach of duty toward those who do not come within the zone of apprehended danger.

In De Haen v. Rockwood Sprinkler Co. of Massachusetts, 258 N. Y. 350, 179 N. E. 764, 766, Judge Cardozo, writing for the court said: "Liability is not established by a showing that as chance would have it a statutory safeguard might have avoided the particular hazard out of which an accident ensued. The hazard out of which the accident ensued must have been the particular hazard or class of hazards that the statutory safeguard in the thought and purpose of the Legislature was intended to correct."

Could it be meritoriously argued that hand railings were required to be placed to avoid falling debris from knocking a person down either coming in or going out of the Hotel? Could it be reasonably anticipated that a man would fall and go tumbling down the steps with such force as to knock a person's feet from under him and hurtle him 10 or 12 feet away against a wall? Can it reasonably be said that the purpose of the ordinance was to correct such hazard as here presented? But be that as it may, there is yet an additional reason why we think the judgment should be reversed.

Appellant takes the position that the operating force and real cause of the accident was the fall of this unknown man, which, it is insisted, was an intervening cause wholly unrelated to the negligence charged against the defendant. In support of its position Newton v. Wetherby's Adm'x, 287 Ky. 400, 153 S. W. 2d 947, 949, is cited, in which we said: "When an independent act intervenes between a defendant's negligence and the injury sustained, such act breaks the causal connection between the negligence and the damage. And where the negligence does nothing more than furnish a condition or give rise to the occasion by which an injury is made possible it cannot be made the basis of a recovery if there intervenes between it and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except by reason of the independent cause such condition was not the proxi-

mate cause. Proximate cause is that which, in a natural and continual sequence, unbroken by any new, independent cause produces the injury, and without which the injury would not have occurred."

This leads us then directly to the real difficulty in the matter. In the light of this evidence can it reasonably be inferred that even though railings had been placed, as provided by the ordinance, the plaintiff below could have averted or avoided the injury? She and her husband were descending the steps side by side and about 1 foot apart. She said that she grabbed at something, and that if there had been a railing there she could have taken hold of it. The fact is she didn't even take hold of the arm of her husband, so sudden and unexpected was the fall of the man behind her.

In Phoenix Amusement Co. v. Padgett's Adm'x, 301 Ky. 338, 192 S. W. 2d 105, 107, we said: "One who seeks to recover in a court of law may not sustain his cause of action merely by proving negligence on the part of the defendant; he must go further and prove that the injury was the proximate result of the negligence. That the negligence was the proximate cause of the injury may be proved by circumstantial evidence; but the circumstances must preclude a reasonable inference that the accident could have been caused in any other manner. Were this not the rule, juries would be permitted to speculate and suppose that an accident occurred as contended. A recovery based upon such speculation is abhorrent to the law."

To permit a recovery herein would be allowing recovery based almost, if not quite entirely, upon speculation. In the language of the Phoenix Amusement Company case, supra, "A recovery based upon such speculation is abhorrent to the law."

We conclude that appellant was entitled under this state of facts to a peremptory instruction. It becomes unnecessary then to discuss the second question raised in view of this finding.

The judgment is reversed for proceedings consistent with this opinion.