## Saylor v. Fowler.

March 25, 1949.

E. B. Wilson for appellant.

Logan E. Patterson and James S. Wilson for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellee, J. B. Fowler obtained judgment against three defendants, Ethel Howard, doing business as Ethel's Bus Line, Jack Taylor, and appellant, Arthur Saylor. Ethel Howard appealed from that judgment and obtained reversal thereof as to her. See Howard v. Fowler, 306 Ky. 567, 207 S.W.2d 559, 560. This appeal by Arthur Saylor is from that same judgment and is prosecuted upon the same record. The pertinent facts are stated in that case and it will be unnecessary to repeat them here. Only such additional facts as may be necessary for a consideration of the questions raised in this appeal will be stated.

In the Howard appeal we held that appellant there was entitled to a directed verdict. This appellant is here insisting that upon the same facts and under the rules enunciated in that case, he, likewise, is entitled to a reversal.

It will be recalled that Jack Taylor, while driving his automobile from Alva onto Highway 62, struck the truck of appellant, Arthur Saylor, which was parked in a V-shaped parking lot almost directly in front of the Howard bus, and hurled Saylor's truck against appellee, Fowler, causing the injuries for which he obtained recovery herein.

It is insisted that no ground of liability can be placed upon appellant by reason of the fact that his truck merely furnished a link in the chain of events that produced appellee's injuries. The fallacy of this reasoning and contention becomes very obvious when we recall that in the testimony, as given upon the trial, Taylor contended and testified that Saylor's truck was parked partly on the highway making it impossible for him to avoid hitting it. As was stated in the Howard case above "Taylor's version of the accident is that the position of the truck and the presence of another automobile parked opposite it on the left leg of the V partially blocked the road."

Thus it will be seen that it was a question for the jury to determine whether Taylor was negligent in the operation of his automobile, or Saylor was negligent in parking his truck partly on the highway, if he did so, as contended by Taylor, or in the event both failed to exercise ordinary care, whether their joint and concurrent negligence, if any, was the proximate cause of appellee's injuries.

In Louisville Taxicab & Transfer Co. v. Reno, 237 Ky. 452, 35 S.W.2d 902, 904, we said:

"It was the duty of the chauffeur in charge of appellant's truck to exercise ordinary care, not only while the truck was in motion, but when parking it, so that it would be clear of the street car when it was passing the truck. It was a question for the jury whether the chauffeur in charge of its truck exercised ordinary care in doing so. * * *

"The truck and the street car were two agencies acting entirely independent of each other, and jointly and concurrently were the cause of the injury. It would not have happened except for the concurrence at approximately the same time and place of the two negli-

gent acts. Two causes, combined to produce an injury to a pedestrian in a street, may in their nature be the proximate cause, the one being negligent, and the negligence of the other contributing to the cause of the injury. * * *

"It was a question for the jury to determine whether the chauffeur in charge of appellant's truck and the motorman in charge of the street car both failed to exercise ordinary care, and that their joint and concurrent negligence, if any, was the proximate cause of appellee's injury. * * *"

The court, cognizant of the facts and circumstances of the accident as testified to by appellee, instructed as follows, to which no objection was made.

### Instruction II.

"The Court instructs the Jury that it was the duty of the defendant, Arthur Saylor, on the occasion referred to in the evidence not to park his truck upon the main traveled portion of the highway lane or lanes leading from Alva to U. S. Highway No. 119, or Pineville to Harlan road, in such a manner and to such an extent that it would block or obstruct said Alva road or the land between where the Alva road separates and its point of intersection with the Pineville-Harlan road leading toward Pineville.

"Now, if the Jury believe from the evidence that the defendant, Arthur Saylor, was negligent, and that he failed to perform the duties required of him by this instruction, and by reason of such negligence, if any there was upon his part, he helped to cause or bring about the collision between the automobile of the defendant, Jack Taylor, and the truck of the defendant, Saylor, and the plaintiff was thereby injured, then the law is for the plaintiff, John Fowler, and you will so find against the defendant, Arthur Saylor."

### "Instruction VII.

" 'The Main Traveled Portion' of the highway as used in these instructions, means the paved portion of such highway used by the traveling public leading from the point on the Alva road where the highway separates out to the Pineville-Harlan road."

So, it will be seen that the facts entering into and controlling in this appeal did not enter at all into the Howard case above. There, there was no evidence nor any contention that the bus was obstructing any part of the traveled portion of the highway. Consequently, the same rules as enunciated therein are not controlling here.

Wherefore, the judgment is affirmed.