472

## AMERICAN FIDELITY & CAS. CO. et al. v. PATTERSON et al.

Court of Appeals of Kentucky.

Nov. 2, 1951.

———◆———

Robert M. Odear, Stoll, Keenon & Park, all of Lexington, James Clay Danville, for appellant.

Ralph G. Stone, Albert Reutlinger, Louisville, George Silliman, Danville, for appellee.

MOREMEN, Judge.

On December 7, 1947, appellee, Helen E. Patterson, with two passengers, was driving an automobile downgrade on a highway slippery from rain, when the car skidded and overturned. Appellee and her companions went to a nearby house. Two men, Currens and Whitlock, came upon the scene of the accident and were standing close to the overturned car, which was lying on the right side of the main traveled portion of the highway, when a bus of Indianapolis & Southwestern Trailways, Inc., which was proceeding in the same direction appellee had taken, crashed into the disabled vehicle and knocked it against Currens and Whitlock. Currens was killed. Whitlock was severely injured. After suits had been filed, appellant, American Fidelity & Casualty Company, who had assured Indianapolis & Southwestern Trailways, Inc., against liability from such suits, settled the cases by paying to Whitlock the sum of $5,000 and to the administrator of the estate of Currens the sum of $8,104.

By the instant action, appellant seeks contribution from appellee and others on the theory that they were joint tort feasors.

The question of proximate cause is the only matter presented on this appeal, so, once again, we are faced with the problem of causation, a subject upon which legal writers are no more in accord than are the men of science. In a comment on this conflict of authorities found in 155 A.L.R. 166, this observation is made: "A realistic appraisal of the authorities leads to the conclusion reached by Street: 'It is unfortunate that no definite principle can be laid down by which to determine this question. It is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent * * *' The best use that can be made of the authorities on proximate cause is merely to furnish illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other."

Mrs. Patterson testified that she was driving slowly down the grade when she hit a bump; she instinctively applied the brake, which caused the car to swerve and run off the road into an embankment. The car then overturned and came to rest on the right hand side of the road. We have held that where the driver of an automobile, without being subjected to some outside stimulus, causes his automobile to turn over or run off the highway, the doctrine

of res ipsa loquitur applies. In Schechter v. Hann, 305 Ky. 794, 205 S.W.2d 690, 692, the court quoted with approval from San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680, this sentence: " * * * when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care."

It is not necessary here to determine whether or not Mrs. Patterson was negligent or if she successfully explained away the cause of the accident because we have concluded that her negligence, if any, had come to rest and that it was no longer a continuing action which resulted in the injury to the bystanders. We must determine, however, whether or not her action in causing the automobile in its overturned position to be on the highway was a sufficient violation of her duties to make her responsible in damages. KRS 189.450 (1): "No person shall stop a vehicle, leave it standing or cause or permit it to stop or to be left standing upon the main traveled portion of a highway that is not a city street for the purpose of making repairs on it. This subsection shall not apply to a vehicle that has been disabled while on the main traveled portion of such a highway in such a manner and to such extent that it is impossible to avoid the occupation of the main traveled portion or impracticable to remove it from the highway until repairs have been made or sufficient help obtained for its removal."

The proof is certain that this accident occurred on a highway that was not a city street. It is also definite that the bus crashed into the car before sufficient time was had within which to move the vehicle. The bus driver testified that he saw the vehicle lying on the road for 150 feet before he struck it. There was also proof that the left hand side of the road was not obstructed. It is clear from the testimony that his immediate continuing negligence was the direct cause of the injury received by Currens and Whitlock. Appellant in this case relies upon the case of Howard v. Fowler, 306 Ky. 567, 207 S.W.2d 559, and particularly upon its companion case of Saylor v. Fowler, 309 Ky. 844, 219 S.W.2d 44. This latter case was similar in fact to the case at bar with the exception that it involved a question as to whether or not defendant had negligently parked his truck so that a part of it extended onto the main traveled portion of the highway, and we held that it was for the jury to determine whether or not defendant was negligent in parking his truck partially on the highway. But in the case at bar, there is no dispute as to whether or not the car was negligently placed on the highway or had a right to be on the highway. Under the authority of the above quoted statute, it is not negligence to leave a car temporarily upon the main traveled portion of the highway if it is disabled.

Appellant also relies upon the case of Miles v. Southeastern Motor Truck Lines, 295 Ky. 156, 173 S.W.2d 990. In this case the defendant negligently overturned his truck and spilled gasoline which trickled on the highway some 20 feet from the wrecked truck. Thereafter a third party negligently tossed a cigarette into the gasoline which ignited and the flames moved along the highway to the truck which was destroyed by fire. This case seemed to turn upon the question of whether or not the act of spilling gasoline on the roadway had created a dangerous condition which made it possible for injury to happen through some independent unrelated, and efficient cause, and it was held that a jury should answer it. That case differs from the case at bar in that the statute, 189.450 (1), gave to appellee Patterson the right to leave her car in its disabled condition on the highway for a reasonable time, while there is no statute which permits one to leave gasoline on the road. It would be an idle thing to submit to a jury the question of whether or not she was negligent in leaving the car on the highway thereby creating a dangerous condition when the statute gives her such a specific right. We are of opinion that the accident was brought about solely by the failure of the

bus driver properly to control his bus after seeing this disabled Patterson car 150 feet away. As a matter of law under the facts shown, appellee was entitled to a directed verdict. Wherefore the judgment is affirmed.