**BENGOLD PROPERTIES, INC., Appellant,**

v.

**Mattie Pearl CROOK, Appellee.**

Court of Appeals of Kentucky.

March 20, 1964.

———◆———

Charles W. Morris, Morris & Garlove, Louisville, for appellant.

William A. Miller, Willie C. Fleming, Louisville, for appellee.

PALMORE, Judge.

The appellee, Mattie Pearl Crook, recovered a judgment against the appellant, owner of an apartment building, for injuries received when she fell through a trap door in a hallway of the building. The trap door led to a basement and had been left open by a tenant 15 minutes or so before the accident. There was no evidence to suggest that the owner had notice of or should have anticipated this negligent action of the tenant. The theory of liability was that the owner's failure to have the hallway lighted was a concurring proximate cause of the mishap.

We find it unnecessary to discuss appellant's contentions that appellee was a mere licensee to whom appellant owed no duty except to refrain from active negligence and that in any event she was contributorily negligent. Assuming arguendo that appellee was just as entitled to use the hallway as if she had been a tenant in the building, it is an unavoidable conclusion that the act of the other tenant in opening the trap door and leaving it open in the darkened hall was negligent and was the proximate cause of the accident. Granted that appellant may have been negligent in failing to keep the passageway lighted, the independent act of negligence by the tenant, without which the accident could not have occurred, was

an act the appellant could not reasonably have been expected to foresee. Therefore, it was an intervening cause within the doctrine of Brown Hotel v. Levitt, 306 Ky. 804, 209 S.W.2d 70 (1948). Brown Hotel Co. v. Sizemore, 303 Ky. 431, 197 S.W.2d 911 (1946), is distinguishable because there the liability of the hotel company was predicated on constructive notice of the condition after the negligent act of the third party in displacing the coal hole cover. In this case there is no question of notice to the landlord after the trap door was opened.

The judgment is reversed with directions that appellant be given a judgment n. o. v.