Jo Ella MICHAEL et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 15632.

United States Court of Appeals Sixth Circuit.

Nov. 18, 1964.

R. J. Turley, Lexington, Ky., John M. Keith, Cynthiana, Ky., on the brief, for appellants.

Moss Noble, Lexington, Ky., George I. Cline, U. S. Atty., and Arthur L. Brooks, Jr., Asst. U. S. Atty., Lexington, Ky., on the brief, for appellee.

Before WEICK, Chief Judge, and PRETTYMAN * and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Plaintiffs-appellants, Michael, et al., appeal from a judgment entered for defendant following trial of a Federal Tort

* Senior Circuit Judge sitting by assignment on the Sixth Circuit.

Claims action to the District Judge without a jury. The contested finding of the District Judge was that allegedly negligent conduct of Jasper Slone, a rural mail carrier employed by the United States, was not a proximate cause of the motor vehicle collision in which plaintiffs were injured.

The mail carrier, Slone, was driving his automobile northward on U.S. Highway 25 in Scott County, Kentucky. Contrary to a Kentucky statute, K.R.S. § 189.450(1) he had stopped his vehicle partially on the paved portion of the highway to service a mail box within a few feet of the righthand or eastern edge of the pavement. Slone was followed by a station wagon driven by one Faulk, who slowed his vehicle to a stop, or almost a stop, when Slone stopped to service the mail box. While so stopped, or slowed down, the Slone and Faulk vehicles were blocking travel on the northbound lane of the highway. While the northbound lane was thus occupied by Slone and Faulk, a third northbound vehicle, driven by Johnie Brown, approached them. There was evidence from which the District Judge as trier of the facts could find that Brown was 500 feet to the south of the mailbox when he observed or should have observed the Slone and Faulk vehicles, and was driving 60 miles an hour, considerably in excess of the applicable 45 miles per hour speed limit. Brown attempted to avoid colliding with the vehicles ahead of him, but because of his high speed and the complete failure of his brakes, he ran into the left rear of the Faulk vehicle, and caromed off it into a head-on collision with the southbound automobile in which plaintiffs were riding on the other side of the highway. The highway was 22½ feet wide and Slone occupied enough of the northbound lane while delivering the mail that northbound traffic would have to go some distance into the southbound lane to pass him. The trier of the facts could also find that Faulk, driving the middle car, observed the mail car stop, or slowing to a stop; that Faulk gradually slowed his vehicle as it moved toward the mail car, almost coming to a stop; and that the mail car had moved out from servicing the mail box and was on its way up the highway when Brown's car caromed off the Faulk station wagon into the path of plaintiffs' vehicle. There was also evidence that the Brown car proceeded at a 60–65 mile an hour speed for some 400 to 500 feet with a clear view of the mail car and the Faulk station wagon slowing down or stopping.

■ In this Court, plaintiffs assert that the action of the mail carrier Slone in stopping his vehicle to serving a mail box violated K.R.S. § 189.450(1), which provides that "No person shall stop a vehicle * * * upon the main traveled portion of a highway * * *," and was accordingly negligence per se. This appears to be the law of Kentucky. Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S. W.2d 564 (1937); Hinton v. Dixie Ohio Exp. Co., 188 F.2d 121, 126 (CA 6, 1951); Jack Cole Co. v. Hoff, 274 S.W.2d 658, 660 (Ky. 1954). It is also the law of Kentucky, however, that such per se negligence will not visit liability on one guilty thereof unless it was the proximate cause of an event relied on for recovery, or at least one of the proximate causes. Hinton v. Dixie Ohio Exp. Co., supra; Illinois C.R.R. v. Swift, 233 F.2d 766, 768 (CA 6, 1956); Phillips v. Scott, 254 Ky. 340, 71 S.W.2d 662 (1934); Murphy v. Homans, 286 Ky. 191, 194, 150 S.W.2d 14 (1940); Brown Hotel v. Levitt, 306 Ky. 804, 209 S.W.2d 70 (1948).

■ Another rule of Kentucky law apposite to this case is that one guilty of negligence will not be charged in tort if some independent intervening cause interrupts the chain of causation so as to render such negligence so causally remote as not to be considered a proximate cause. One expression of the Kentucky rule is that "if an independent cause intervenes, which is of itself sufficient to produce the result, it is regarded as proximate cause, and the originator of the first cause is relieved from liability." W. F. Robinson & Son v. Jones, 254 Ky. 637, 641, 72 S.W.2d 16 (1934). And in

Hines v. Westerfield, 254 S.W.2d 728, 729 (Ky.1953), the Court said,

> "The question we have to determine is: 'Was such intervening negligence the superseding cause of the accident?' *The question is primarily one of fact.* \* \* \* If \* \* \* the ultimate injury is brought about by an intervening act or force so unusual as not to have been reasonably foreseeable, the intervening act is considered as the superseding cause and the original actor is not liable." (Emphasis supplied.)

 This in our view is but a statement of the general rule that to be actionable, an act of negligence must have been a proximate cause of the claimed tortious event. We recognize the rule that the negligent act need not be the final and immediate cause, but may .be actionable if it is a cause concurring with other negligence in proximately bringing about the charged injury. Denker v. Lowe, 192 Ky. 660, 234 S.W. 294 (1921); Louisville Taxicab & Transfer Co. v. Reno, 237 Ky. 452, 35 S.W. 2d 902 (1931); Criswell v. City of Jackson, 257 Ky. 222, 77 S.W.2d 622 (1934); Bybee v. Shanks, 253 S.W.2d 257 (Ky. 1952). However, the issue of whether an act of negligence proximately contributes to a tortious act presents a question of fact. Hines v. Westerfield, supra; Cook v. Gillespie, 259 Ky. 281, 82 S.W. 2d 347 (1935); Prosser, The Law of Torts 282 (2d ed. 1955). The District Judge found as a fact that even if negligent, the mail carrier's conduct was not a proximate cause of the accident. He stated:

> "I am of the opinion that *the facts in this case* show that the intervening act which brought about this accident was the act of the third man by the name of Johnie Brown, who was driving the automobile at a very rapid rate, exceeding the lawful speed limit; that he undertook to stop behind the station wagon and his brakes failed. \* \* \* My opinion is that that is the intervening and superseding act which this

man who was driving his mail car could not have anticipated reasonably. \* \* \*" (Emphasis supplied.)

The District Judge further analyzed the evidence which in his view supported his factual finding that the mail carrier's conduct was not a proximate cause of the injuries to plaintiffs. In our view, such finding was not clearly erroneous, and therefore will not be set aside. Fed.R.Civ.P. 52(a); Krumholz v. Goff, 315 F.2d 575, 580 (CA 6, 1963); Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

Judgment affirmed.