**CROUSHORN EQUIPMENT COMPANY, Inc., Appellant,**

**v.**

**Virginia Ann MOORE, Appellee.**

Court of Appeals of Kentucky.

May 9, 1969.

J. K. Beasley, Harlan, for appellant.

Cawood Smith, Harlan, for appellee.

DAVIS, Commissioner.

Virginia Ann Moore, appellee, obtained a verdict and judgment for $6,500 against appellant, Croushorn Equipment Company, Inc., and Tunis Bradley and Eugene Bradley, jointly or severally, based upon a motor-vehicle collision which occurred under somewhat unusual circumstances. The Bradleys have not appealed, but Croushorn has, urging that (1) a directed verdict in its behalf should have been given because it was free of negligence; (2) the intervening negligence of Eugene Bradley was the sole cause of the accident; and (3) erroneous instructions were given.

The accident occurred on Main Street within the city limits of Harlan. Fred Brassfield was driving a dump truck owned by Croushorn northwardly on Main Street when the truck stalled just after he had passed through a sharp, blind curve to his right. Brassfield said that he alighted from the vehicle and signaled with his hand to direct approaching traffic for about five minutes just after he stopped. He then re-entered the truck and undertook to start it without success. Meanwhile, at least three other vehicles traveling northwardly along Main Street and around the curve came upon the stalled truck and were brought to a stop by their respective drivers. The last or southmost vehicle in the line was a van-type truck driven by Ralph Nolan who said that as he came around the curve he saw the vehicles ahead of him and stopped approximately 100 feet behind the disabled truck. Quite shortly after Nolan stopped, he heard the sounds of skidding tires in back of him. These sounds emanated from the automobile being operated by Eugene Bradley.

Bradley said he observed Nolan's parked van when he was 30 or 40 feet from it and that he suddenly and vigorously applied his brakes. Bradley said that the application of the brakes threw his car into a skid so that the right rear portion of it swung to his right and collided with a concrete re-

taining wall. In turn, the rear of the car was then projected to the left so that it struck the left front portion of the automobile being driven by the plaintiff-appellee, Virginia Ann Moore, who was proceeding southwardly and entirely in her proper traffic lane. Her suit against both appellant Croushorn and the Bradleys was based on her claimed injuries arising from the alleged concurring negligence of Croushorn and the Bradleys.

■ The appellant strongly urges that it was entirely free of negligence. In support of this contention, appellant cites American Fidelity & Casualty Co. v. Patterson, Ky., 243 S.W.2d 472, for the general proposition that the disablement of an automobile does not of itself prove negligence. We may concede the accuracy of that general proposition, but we do not consider that the proposition demonstrates absence of negligence in the present case. It is our view that the general duties of ordinary care require some precautions respecting a stalled vehicle, no matter how nonnegligently the stalling may have occurred. So, we do not find it necessary to say that Croushorn was negligent because its truck stalled, but we think the evidence was sufficient to create a submissible jury issue concerning the conduct of Croushorn's driver after the truck became disabled. See Service Lines, Inc. v. Mitchell, Ky., 419 S.W.2d 525.

■ Appellant next argues that the accident of which appellee complains was caused solely by the intervening negligence of Eugene Bradley. In support of that position, our attention is called to Michael v. United States of America (CCA 6) 338 F.2d 219; American Fidelity & Casualty Co. v. Patterson, Ky., 243 S.W.2d 472; Hines v. Westerfield, Ky., 254 S.W.2d 728; and Pence v. Sprinkles, Ky., 394 S.W.2d 945. Those authorities deal with the application of the doctrine of intervening negligence, and some of them are pitched on the premise that the independent intervening cause interrupts the chain of causation and

renders the original negligence so remote as not to be considered a proximate cause. In Armes v. Armes, Ky., 424 S.W.2d 137, we regarded the placing of a stalled truck upon the highway, when accompanied by failure to give adequate warning in the dark, as a proximate cause of an ensuing collision. It is apparent that danger to oncoming traffic is readily foreseeable when one leaves an obstacle in a traveled thoroughfare. In view of the sharp curve through which Brassfield had driven and of which he was fully aware, the danger of leaving the truck in the street was increased. The need for some timely warning was more acute than would have been so had the road been level and straight. We are unwilling to say as a matter of law that the conduct of Bradley, even though found to be negligent conduct by the jury, was a superseding or independent negligence rendering Brassfield's negligence, if any, a remote rather than a proximate cause of the collision.

In pertinent part Instruction No. II provided:

"The Court instructs the jury that it was the duty of the driver of the defendant, Croushorn Equipment Company, Incorporated's dump truck, at the time and place referred to in the evidence, not to stop the truck, leave it standing or cause it to stop or to be left standing upon the main traveled portion of the highway. Unless, you believe from the evidence that the Croushorn Equipment Company truck became disabled while traveling on the main traveled portion of said highway, in such a manner and to such extent that it was impossible to avoid the occupation of the main traveled portion, or impracticable to remove it from the highway while awaiting repairs, or sufficient help obtained for its removal, in which latter event he had a right to leave his vehicle standing on the main traveled portion of the highway. Even though you may believe from the evidence that the defendant, Croushorn Equipment

Company, Inc., had a right to leave his vehicle standing on the main traveled portion of the highway, it was the defendant, Croushorn Equipment Company, Incorporated's driver's duty to give adequate notice, or warning, that his vehicle was stalled on the highway, to approaching traffic from the rear, and to give said warning by the use of signs, signals, guards, with the hands, or other practical means, with reasonable promptness, as the circumstances at the time and place demanded."

A pertinent portion of Instruction No. III recited:

"The jury is further instructed that, if you believe from the evidence that Freddie Brassfield, the driver of the defendant, Croushorn Equipment Company, Inc.'s dump truck, knew, or by the exercise of ordinary care, should have known, that the dump truck he was driving, was about to stall on the main traveled portion of the highway, either by running out of gas, or as a result of a mechanical defect, it was the duty of said driver to drive said truck off of the main traveled portion of the highway to a place of safety, if he had a reasonable opportunity and place to do so, before the dump truck came to a stall on said highway."

■ It is our view that the instructions we have quoted prejudicially required more of the appellant's driver than the law imposes. We see no point in the court's instructing the jury that the driver had a duty "not to stop the truck, leave it standing or cause it to stop or to be left standing upon the main traveled portion of the highway." It is true that the court qualified that portion of the instruction by the sentence immediately following it, but in our view the qualification was not sufficiently precise, and the first portion of the instruction pronouncing an absolute prohibition against stopping the truck could have been accepted by the jury as imposing ab-

solute liability in light of the duties imposed by the quoted portion of Instruction No. III.

■ The background of Instruction No. III was the showing that the truck had "sputtered" about 300 feet away from the point at which it ultimately stalled. It was shown that the driver passed several suitable areas into which he could have driven the limping vehicle and thereby have made it unnecessary to stop it on the street. Brassfield, the truck driver, testified that he believed he would be able to operate the truck to a place of safety and did not consider it necessary to pull the truck into any of the places he passed. The effect of Instruction No. III was to tell the jury that if Brassfield knew, or in the exercise of ordinary care should have known, that the truck was about to stall, then it was his duty to drive the truck off the main traveled portion of the road if he had a reasonable opportunity and place in which to do it. In Stevens' Adm'r v. Watt, 266 Ky. 608, 99 S.W.2d 753, 755, this court dealt with a similar situation and held that:

"The negligence of the driver of the truck, if any, in continuing to drive it after learning of its defective condition, had no causal connection with the collision of the automobile driven by Mrs. Dorris and the truck. It was not the efficient procuring cause of the injury."

The same may be said of the negligence, if any, of Brassfield in failing to utilize one or more of his "pull-off" opportunities after the truck began to sputter.

In considering this instruction in connection with the first portion of Instruction No. II, it becomes apparent that the jury might well have believed that Brassfield was negligent in failing to drive the truck off the road when it first evinced mechanical trouble and therefore had no right to stop the truck on the street. It is remarked that the qualification contained in Instruc-

tion No. III is posited upon the jury's belief that the truck had become disabled in such a manner and extent that it was *impossible* to avoid the occupation of the street.

An even more serious error in Instruction No. II was the specificity by which the duties of Brassfield were enumerated. The general rule is that instructions should not give undue prominence to certain facts or issues. Stanley's Instructions to Juries, Vol. 1, Section 28. As we have indicated, the duty of Brassfield was to exercise ordinary care to warn other drivers using the street of the stalled truck in order for them to have reasonable opportunity to avoid collision with it or because of its presence. In spelling out the duty of Brassfield by enumerating suggested means of its performance, the court unduly called to the jury's attention various methods in which Brassfield might have acted. One vice of listing the means in the instruction was the apparent suggestion of the many things that Brassfield could have done, thereby inferring that his failure to do any of them was all the more palpable. Upon another trial, if the evidence is substantially similar, only a general duty of ordinary care to warn oncoming traffic will be given.

Appellant urges that it was improper for the court to instruct that the appellee could be awarded damages to compensate her for loss of earnings in the amount of $7,000. We agree that the evidence in this respect is somewhat tenuous, but our reading of the evidence discloses that there was evidence of substance to warrant the instruction, and the pleadings also support it.

The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent with the opinion.

All concur.