Fannie Pearl DAVIES and Ernie Davies, Her Husband, et al., Appellants,

v.

Ann GRIFFIN and Oscar Griffin, Her Husband, et al., Appellees.

Court of Appeals of Kentucky.

May 21, 1971.

As Modified on Denial of Rehearing Oct. 1, 1971.

Vaughn & Monhollon, Madisonville, for appellants.

L. B. Lawton, Henderson, for appellees.

CULLEN, Commissioner.

The heirs at law of Sherman Hudson, deceased, appealed to the Webster Circuit Court from a purported order of the county court of Webster County which admitted to probate a document presented as Hudson's will, in which he left his estate to a foster daughter. The heirs attacked the probate on the grounds of undue influence and lack of testamentary capacity. A jury trial was held in the circuit court resulting in a verdict which upheld the will. Judgment was entered accordingly, from which the heirs have appealed. The administrator c. t. a. and the beneficiary under the will are the appellees.

■ The complaint on appeal from the county court was filed in the circuit court on May 24, 1968. During the next six months numerous depositions were taken and interrogatories were submitted and answered. The case finally came on for trial on December 18, 1968. When the court convened on that day the appellants moved to dismiss the proceedings for lack of jurisdiction of the circuit court, on the ground that the order book of the county court setting forth the purported orders admitting the will to probate and appointing the administrator c. t. a. had never been signed by the county judge, wherefore there were no valid orders to be appealed from. The circuit court overruled the motion. The appellants contend as their first ground of error on this appeal that the motion should have been sustained. An identical contention was made in Duncan v. O'Nan, Ky., 451 S.W.2d 626, and for the reasons stated in that opinion was rejected by this court. The situation in the instant case is the same as in *Duncan,* except that there the motion to dismiss was not made until after the case had been tried and the jury had brought in its verdict upholding the will. We think that the action taken in the instant case, in relation to depositions and interrogatories, upon the appellants' initial assertion of the existence of the jurisdictional element, was sufficient to make the *Duncan* holding applicable, though the action was not as extensive as in *Duncan.*

■ On voir dire examination of the prospective jurors, counsel for appellants questioned one of the panel as follows:

"15. Do you have any feeling that such a suit as this, in other words, do you feel that if you were to decide that Mr. Sherman Hudson did not have the competency to make his Will or that he was unduly influenced, that such a decision would be a stigma on Mr. Hudson?

A. Yes, sir.

16. You would have a feeling that such a verdict would be a stigma on Mr. Hudson?

A. I'd think so.

17. Don't you think then it would be difficult for you to sit in this case and render a verdict in your opinion that would stigmatize such a person who is dead?

A. I believe so."

Objection was made by counsel for appellees, and after some discussion the trial court asked the juror:

" * * * if you felt like he was of unsound mind at the time he wrote the will, or of such a weak mind that somebody could influence him, do you think that would be a stigma on Mr. Hudson?"

The juror answered, "Well I don't," thus indicating that the line of questioning was not giving much help on the issue of bias. The court then ruled that questions about "stigma" could not be asked. Later, however appellant's counsel was permitted to ask the following questions of the panel:

"21. Do you all understand what I have just said about what's involved in this suit? It's the position of the plaintiffs or appellants that at the time this will was made Mr. Hudson did not have the mental capacity to know the nature of the objects of his bounty and was incompetent, and was also acting under the influence of the foster daughter and her husband, or a combination of those things. Do any of you have a feeling that such questions should not be brought up or litigated after the man is dead?

(No response)

22. And if you do why then I wish you'd indicate it by raising your hand because, as the Court has ruled, I cannot ask each one of you that and find out from you directly.

(No response)

23. I assume by your silence and by your failure to raise your hands that none of you have such a feeling. Would it in any way embarrass any of you and would you feel any embarrassment in any way to render a verdict which in effect said that Mr. Sherman Hudson at the time he made this will was mentally incompetent or acting under the undue influence of another?

(No response)"

It thus appears that counsel succeeded in obtaining basically the kind of information he had sought in his questions about "stigma," and appellants therefore suffered no substantial prejudice from the refusal of the court to allow the previous line of questions.

█ Discretion must be allowed the trial judge in the limiting of voir dire examination of prospective jurors in civil cases. Farmer v. Pearl, Ky., 415 S.W.2d 358. We find no abuse of discretion in the instant case.

The appellants' third contention is that they were entitled to a directed verdict finding the will invalid on the ground of lack of mental capacity. This contention rests almost entirely on the proposition that lack of mental capacity was established conclusively by the testimony of the appellee's medical-expert witness, who had never seen the testator but who testified in answer to hypothetical questions that in his opinion the testator could not have had the mental capacity to make a will at the time his will was executed. It is a sufficient answer to this contention that the testator's attending physician, who was one of the witnesses to the will, testified that in his opinion the testator did have the requisite mental capacity. It is true that the appellants' witness expressed his opinion that the kind of inquiries and examination which the attending physician said he employed in determining the testator's mental capacity were not adequate to make the determination, but this is simply a matter of conflicting opinions. The conflicting evidence clearly created a jury issue.

█ Finally, the appellants argue that the trial court erred in refusing to give a requested instruction to the effect that where a will contest is based both on mental capacity and on undue influence, evidence which tends to show both need not be as convincing as would be essential to prove one or the other alone. The same argument was made, and rejected, in Duncan v. O'Nan, Ky., 451 S.W.2d 626, and we continue to reject it.

The judgment is affirmed.

All concur except OSBORNE, J.