**HUMANA OF KENTUCKY, INC., d/b/a Suburban Hospital, Appellant,**

v.

**Bobby ROGERS, Adm'r. of the Estate of Oza Mae Rogers, Deceased, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1986.

Rehearing Denied Feb. 13, 1987.

Discretionary Review Denied by Supreme Court April 21, 1987.

Frank P. Doheny, Jr., Bradley R. Hume and Peter N. Tassie, Louisville, for appellant.

M.L. Perkinson, LaGrange, for appellee.

Before CLAYTON, COMBS and DYCHE, JJ.

COMBS, Judge.

This is the third appeal from the Jefferson Circuit Court of this ten year old professional-negligence case. A brief history is essential to a thorough understanding of the questions on appeal.

Appellee's decedent, Oza Mae Rogers, was seriously injured in an automobile accident on the morning of December 15, 1975. She was taken to the Suburban Hospital where she was seen in the Emergency Room at approximately 9:35 a.m. She had received fractures of the jaw and cheek bones, facial lacerations and an injury to her right knee. In the early morning hours of December 17th, Mrs. Rogers' condition rapidly deteriorated and she died on December 22nd.

This wrongful death action was filed by Mrs. Rogers' husband against Dr. Morton Kasdan and Humana of Kentucky, Inc., d/b/a Suburban Hospital. The original trial in 1977 resulted in a jury verdict for the estate in the amount of $204,863.84. Damages were apportioned sixty percent against the hospital and forty percent against the doctor. This Court reversed the judgment and ordered dismissal of the complaint. The Supreme Court, 612 S.W.2d 133, granted discretionary review and reinstated the verdict against the physician, but because of erroneous instructions ordered a new trial for the hospital limited solely to the issue of its negligence.

At the second trial in 1982, the jury was properly instructed and found in favor of the hospital. Our Court reversed this verdict and ordered another trial, holding that the trial court had: (1) improperly excluded a portion of plaintiff's expert proof; and (2) improperly excluded evidence of the 1977 jury verdict against Dr. Kasdan. Discretionary review was denied.

At the outset of the third trial the trial judge indicated that evidence tending to show that Dr. Kasdan had previously been found negligent and that his negligence contributed to the death of Mrs. Rogers could be admitted on cross-examination. However, the court further indicated that explicit evidence of Humana's having gone through an earlier trial should be avoided. The trial judge said:

... I have to be fair to both sides. I can't let the jury go off with the impression that Dr. Kasdan was found liable, therefore the hospital cannot be. ... But it will be permissible to impeach Dr. Kasdan if he takes the stand to the effect that another proceeding, another jury, found that he was, he contributed to the cause of death.

Dr. Kasdan was called by appellant and testified that he was aware of the care the decedent had received while in the hospital and that care was excellent; that the nurses did what was expected of them to do and that he had no criticism of the hospital care. He did, however, criticize the jury's verdict against him. Dr. Kasdan was then asked by appellee's counsel:

Q. Your negligence was found to be only a contributing factor in Mrs. Rogers' death, wasn't it?

. . . .

Q. Alright, sir. Now you and the hospital are the only defendants in Mrs. Rogers' case, right?

A. That's correct.

Whereupon, the trial judge stated to the jury, "Let me advise the jury that only Humana of Kentucky is a defendant in this case." Appellant's counsel moved for a mistrial. In overruling his motion, the trial judge stated:

I will overrule your motion for a mistrial. In our pretrial conferences, I ruled that Mr. Perkinson or anyone else could indicate that the liability as found by the first jury was 60—40. I agreed with you that that might be prejudicial. However, I started this trial by telling the jury that the liability or the negligence of others and the measure of damages was not within the providence of this jury so they knew from the opening statement that I made that there were other people that may have been found liable and that there may have been damages assessed at another time. I don't think that Mr. Perkinson did anything deliberately to cause undue prejudice to both sides. I think he is correct if he says that a jury should have—the jury did not hear anything that was not factual. He did not go to the point of actually saying percentages of liability as found by the first jury which I said he could not do and he did not do that.

At the conclusion of the trial the jury returned the following verdict:

We, the jury, find for the plaintiff, Bobby Rogers, Administrator of the Estate of Oza Rogers, against the defendant, Humana of Kentucky.

Whereupon, a judgment was entered for the estate in the amount of $214,101.01 which included the principal sum of $122,-

918.90 plus interest under the appropriate statute from March 17, 1978 through October 31, 1985.

 In seeking reversal of this judgment, appellant contends the trial court erred in not granting his motion for a mistrial. We have carefully reviewed the transcript of evidence and can find no prejudice to appellant by appellee's questioning. It is quite apparent that appellant was trying to place appellee in a "Catch 22" position when he elicited testimony from Dr. Kasdan on direct that neither he nor the hospital did anything wrong. To prove the hospital's negligence he had to impeach Dr. Kasdan by showing that he had been found to be partially responsible for the death of Mrs. Rogers. The trial judge had observed the predicament appellee could be placed in when she said, "I can't let the jury go off with the impression that Dr. Kasdan was found liable, therefore the hospital cannot be."

In *Rogers v. Kasdan*, Ky., 612 S.W.2d 133, 135 (1981), the Supreme Court obviously arrived at a conclusion similar to that of the jury when it stated, "[w]e are convinced that the evidence was sufficient to support the jury's finding that the hospital's negligence was a substantial factor in causing her death." It is quite apparent to us that the jury verdict was based upon competent, relevant evidence and the trial court's denial of appellant's motion for mistrial was not clearly erroneous.

 As further grounds for reversal, appellant contends that the trial court committed prejudicial error in refusing to let its counsel ask prospective jurors some additional questions. We have carefully reviewed those questions and cannot find an abuse of discretion by the trial court. Civil Rule 47.01 leaves the matter of conducting voir dire to the discretion of the court. Discretion must be allowed the trial judge in the limiting of voir dire examination of prospective jurors in civil cases. *See Davies v. Griffin*, Ky. 470 S.W.2d 323, 325 (1971).

The judgment of the Jefferson Circuit Court is affirmed.

All concur.