**FARRINGTON MOTORS, Incorporated, Appellant,**

v.

**FIDELITY & CASUALTY COMPANY of NEW YORK, Appellee.**

Court of Appeals of Kentucky.

June 21, 1957.

Reed & Hines, Paducah, for appellant.

Wheeler & Marshall, Paducah, for appellee.

MONTGOMERY, Judge.

Farrington Motors, Incorporated, filed this action on a comprehensive dishonesty, disappearance, and destruction policy issued to it by the Fidelity & Casualty Company of New York. A jury verdict resulted in favor of the insurance company.

The sole issue is the relationship that existed between appellant and one Fred Darnell as to whether he was an employee within the terms of the policy. It is not disputed that the appellant sustained a loss in the amount of $2,539 as the result of the fraudulent and dishonest acts of Darnell in disposing of automobiles belonging to appellant and appropriating the proceeds.

An employee is defined in the policy as "one * * * of the natural persons * * * while in the regular service of the Assured in the ordinary course of the Assured's business * * * whom the Assured compensates by salary, wages and/or commissions and has the right to govern and direct in the performance of such service, * * * but does not mean brokers, factors, commission merchants, consignees, contractors or other agents or representatives of the same general character."

Appellant urges erroneous instructions and admission of incompetent evidence as grounds for reversal.

Farrington Motors, Incorporated, was a dealer in new and used cars in Paducah. Darnell and one Jim Hankins were licensed auto dealers and operated a used car lot at Calvert City.

In June 1954, appellant entered into an agreement with Darnell under which the latter was to handle appellant's cars at Calvert City. According to appellant's president and sales manager, Darnell was engaged as a salesman, with the privilege of selling cars on appellant's lot in Paducah. Appellant agreed to pay Darnell a flat commission of $40 for each new car sold. As to used cars, Darnell had the option of receiving as commission 5% of the sale price or any sum received in excess of the fixed sale price on the vehicle. Under this arrangement, cars were delivered from time to time to the Calvert City lot. The evidence for appellant shows that the appellant's president and sales manager exercised close supervision over Darnell, made frequent trips to the Calvert City lot, talked almost daily by telephone, and, in general, directed him as they did any other employee. This testimony was disputed. Appellee contended that Darnell was an independent contractor and that the cars were handled on consignment. The parties agree that the evidence is sufficient to present a jury question as to the relationship between Darnell and appellant.

In August 1954, seven vehicles disappeared from the Calvert City lot, for which no accounting was ever made. Darnell disappeared shortly thereafter. His whereabouts were unknown at the time of the trial. The undisputed testimony shows that the wholesale value of the vehicles amounted to $2,789, and after allowing a credit of $250 for two automobiles which remained on the lot, appellant's net loss amounted to $2,539.

The trial court, on its own motion, gave three instructions to the jury. Instruction No. 1 summarized the facts concerning the controversy, gave a general definition of employee and independent contractor based on the element of control, and defined an employee according to the terms of the policy. Instruction No. 2 made a specific application of the general rules stated in Instruction No. 1 to the facts. Instruction No. 3 was the usual instruction on the number of jurors required to make a verdict.

Specific and timely objections to Instructions Nos. 1 and 2 were made by

appellant and overruled by the court. CR 51. Tillman v. Heard, Ky., 302 S.W.2d 835.

Appellant objected to Instruction No. 1 because: it was abstract; the court, in effect, commented on the evidence; the definitions of independent contractor and employee were erroneous; the wording of the policy should have been followed in the definition of employee; and the instruction should have been eliminated in its entirety. Instruction No. 2 was objected to on the following bases: it failed to authorize recovery by appellant if appellant had the right to govern and direct Darnell in the performance of his services; it required appellant to have the right to control the method of selling and the details of making the sale; it authorized a verdict for the appellee if Darnell was to manage the details of seeking customers and make the sales as he saw fit, subject only to the control of appellant as to price; and there was no competent evidence that Darnell was a consignee or independent contractor upon which to base this instruction. The general objection was made to both instructions that they should have been limited to concrete statements of the parties' differing theories of the case.

■ The instructions given by the trial court should be confined to the issues raised by the pleadings of the case at bar and by the facts developed by the evidence in support of those issues or admitted at the bar. Each party to an action is entitled to an instruction upon his theory of the case if there is evidence to sustain it. 53 Am. Jur., Trial, Sections 574, 579, 582, pages 452, 455, 460; 88 C.J.S. Trial § 346, p. 916.

■ The Court has read and examined the instructions given. While objecting to the instructions defining employee and independent contractor, appellant has failed to point out wherein the claimed error lies. Some of the objections made are valid. The instructions as a whole fairly state the law of the case embodying the respective theories of the parties. The objectionable features of the instructions are not considered prejudicial and, therefore, do not constitute reversible error. Stanley's Instructions to Juries, Volume 1, Sections 17 and 17a, page 31. Owensboro, F. O. R. & G. R. R. Co. v. Barker, 37 S.W. 848, 18 Ky. Law Rep. 706; Pugh v. Eberlein, 190 Ky. 386, 227 S.W. 467; London & Provincial Marine & Fire Insurance Co. of London, England v. Mullins, 268 Ky. 814, 105 S.W. 2d 1057; Cain v. Stevens, Ky., 274 S.W. 2d 480; and Sears v. Frost's Adm'r, Ky., 279 S.W.2d 776.

■ Appellant objected to the action of the trial court in permitting Jim Hankins, Darnell's partner, to testify concerning the arrangement as to commission between appellant and Darnell. Hankins said that the used cars were received at a fixed price and they received as commission whatever amount was paid in excess of the fixed price. This was one of the methods of compensation shown by the appellant's evidence, and in view thereof, it is not considered prejudicial.

■ An employee of the insurance agent representing the appellee stated that the policy did not cover the claim presented. This was objected to on the ground that it permitted the witness, a layman, to testify concerning a matter which properly should have been determined by the jury. The statement of the employee is consistent with the position of the appellee in defending the action and is distinguishable from the statement made in New York Life Insurance Co. v. Long, 199 Ky. 133, 250 S.W. 812. In the latter case, the statement made by the soliciting agent was inconsistent with the position of the company and was susceptible of construction as an admission against interest. While technically the objection may have been well taken, no prejudicial error is found.

Judgment affirmed.