**Janet McALPIN, Appellant,**

v.

**DAVIS CONSTRUCTION, INC., Appellee.**

**No. 2009–CA–002154–MR.**

Court of Appeals of Kentucky.

Feb. 11, 2011.

---

Daryl T. Dixon, Paducah, KY, for Appellant.

Richard L. Walter, Paducah, KY, for Appellee.

Before LAMBERT and VANMETER, Judges; SHAKE,[1] Senior Judge.

## OPINION

VANMETER, Judge:

Janet McAlpin appeals from the order and judgment of the Marshall Circuit Court dismissing with prejudice her negligence claim against Davis Construction, Inc. (Davis), following a unanimous jury verdict in favor of Davis. For the following reasons, we affirm.

On the morning of October 24, 2008, McAlpin and Brian Hurley, the driver of a dump truck owned by Davis, were involved in an automobile collision on a two-lane highway. McAlpin, traveling on Highway 95, approached and stopped at a two-way stop sign at the intersection of KY Highway 282. Hurley approached the intersection from McAlpin's left on Hwy 282 and had the right-of-way. McAlpin proceeded to make a left turn onto Hwy 282. Upon seeing McAlpin in his path, Hurley braked and veered to his left into the opposing traffic lane. When McAlpin saw Hurley's truck, she accelerated her vehicle through Hurley's lane and into the opposing lane, where the vehicles collided.

McAlpin filed suit against Davis for the negligent maintenance and operation of a dump truck. At the close of all evidence, both parties moved for a directed verdict. The trial court denied McAlpin's motion and granted Davis's motion in part related to future medical expenses and McAlpin's breach of her duty to yield to Hurley's

right-of-way. The remaining issues in the case were submitted to a jury, which returned a verdict in favor of Davis, concluding that Hurley did not breach his duties under the circumstances. The trial court dismissed the action against Davis. This appeal followed.

█ First, McAlpin argues that the trial court erred by instructing the jury that Hurley's duties were subject to a "sudden emergency" qualification because no sudden emergency existed. We disagree.

Appellate review of a "jury instruction is considered a question of law and is reviewed on appeal under a *de novo* standard of review." *Mountain Water Dist. v. Smith*, 314 S.W.3d 312, 315 (Ky.App.2010).

█ The sudden emergency doctrine is generally defined as follows:

[W]hen an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation, or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor is not negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency.

*Henson v. Klein*, 319 S.W.3d 413, 418 (Ky. 2010) (citing 57A Am.Jur.2d *Negligence* § 198 (2004)). Such an instruction is warranted when an actor is under specific duties prescribed by statute, and the ability to conform to those duties is affected by "the presence of a sudden and unexpected peril." *Henson*, 319 S.W.3d at 421. The

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

sudden emergency qualification has been approved in Kentucky for use in automobile collision cases. *Regenstreif v. Phelps*, 142 S.W.3d 1, 4–5 (Ky.2004) (citation omitted).

The rule is well settled that "[e]ach party to an action is entitled to an instruction upon his theory of the case if there is evidence to sustain it." *Farrington Motors, Inc. v. Fidelity & Cas. Co. of N.Y.*, 303 S.W.2d 319, 321 (Ky.1957) (citations omitted). Whether Hurley was confronted with a sudden emergency is a question of fact for the jury, and if the evidence supports such a finding, the jury will be given a sudden emergency instruction. *Brown v. Todd*, 425 S.W.2d 737, 739–40 (Ky.1968).

In this case, the submitted proof entitled Davis to a sudden emergency instruction qualifying Hurley's duties. Hurley testified he was traveling at a lawful speed of 55 mph and applied his brakes immediately upon seeing McAlpin enter his path. In addition, Davis submitted evidence that the typical response of a driver reacting to an unexpected object entering his path from the right is to veer left, as Hurley did in this instance. Thus a reasonable jury could have deduced from the evidence that Hurley did not create the emergency situation and had little to no time for deliberation of alternative courses of action. Accordingly, the evidence supports the tendering of a sudden emergency instruction and the jury's conclusion that Hurley conformed to his duties under such circumstances. The trial court did not err in this regard.

■ Next, McAlpin argues the trial court erred by denying her motion for a directed verdict. We disagree.

Upon consideration of a motion for a directed verdict,

the trial court must draw all fair and reasonable inferences from the evidence in favor of the [nonmoving party]. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the [nonmoving party] is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the *defendant* is entitled to a directed verdict of acquittal.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky.1991) (citations omitted).

Here, as previously noted, Davis presented evidence sufficient to support a finding that Hurley acted as a reasonably prudent driver when McAlpin failed to yield to his right-of-way. Despite evidence presented to the contrary, when viewing the proof in a light most favorable to the nonmoving party, the evidence in this case is sufficient to induce a reasonable juror to find in favor of Davis. Accordingly, the trial court did not err by denying McAlpin's motion for a directed verdict at the close of all the evidence.

■ Finally, McAlpin argues the trial court erred by failing to instruct the jury according to the Code of Federal Regulations ("CFR"). We disagree.

As an initial matter, McAlpin fails to direct this court to any law requiring a jury to be instructed according to the CFR in negligence actions involving large trucks in Kentucky. Moreover, Kentucky law only requires trial courts to give "bare bones" jury instructions, thereby providing counsel the opportunity to flesh out the legal nuances within the instructions during their closing arguments. *Olfice, Inc. v.*

*Wilkey,* 173 S.W.3d 226, 230 (Ky.2005). On appeal, the question is whether the instructions that were given misstated the law. *Id.* at 229.

Here, the instruction stating that Hurley was under the duty "to exercise ordinary care to avoid collision with other persons or vehicles using the highway" was proper in this instance. Further detail concerning his duties to maintain the vehicle in a safe condition could have been "fleshed out" during McAlpin's closing statements. Since we are unable to conclude that the instructions given in this case were a misstatement of the law, the trial court did not err by declining to instruct the jury based on duties contained in the CFR.

The order and judgment of the Marshall Circuit Court are affirmed.

ALL CONCUR.

**J.L., a Child Under Eighteen, Appellant,**