RENDERED:  DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0720-MR

KENNETH DWAYNE WILLIS        APPELLANT

v.      APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE OLU STEVENS, JUDGE
ACTION NO. 16-CR-001934

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE:  Kenneth Dwayne Willis appeals the Jefferson Circuit Court's April 18, 2019 Judgment of Conviction and Sentence.  He alleges multiple errors by the circuit court.  For the following reasons, we affirm.

# BACKGROUND

On July 12, 2016, Willis got high with some of his friends at his home. While there, he received a text message from Ashley Spriggs. Willis considered Spriggs "like a niece" and asked her to visit and to bring her friend. Spriggs and her friend, Brittney Wells, soon arrived. Before Willis's other friends left, he and Spriggs and Wells used heroin.

After Willis snorted heroin, he went to his room to sleep. Before falling asleep, he put the drugs on a plate next to his bed, covered it with a newspaper and a book, then put his gun on top of the book. When he woke up he noticed the book was moved and his drugs were gone. He picked up his gun and asked Spriggs who had been in his stuff. She did not know, but suspected Wells took it.

Willis gestured to Wells, with the gun in his hand, to join Spriggs on the floor at the foot of the bed. The women and Willis began arguing. While holding the gun, Willis pulled the slide and allegedly emptied the clip of the gun because he saw one spent shell casing on the floor. He believed he successfully emptied the chamber and turned back toward the girls.

He approached the women demanding his drugs, but they both proclaimed their innocence. Willis swung his arm back with the gun in his hand, but when his arm came forward, the gun discharged and shot Spriggs. Willis saw

Spriggs' head go back but did not realize immediately that he had shot her. After realizing what happened, he and Wells took Spriggs to his car and drove her to the hospital. Wells left, and Willis placed Spriggs on the sidewalk by the entrance of the hospital and drove away. Spriggs died.

Police arrested Willis the next day and a grand jury indicted him for murder, possession of a handgun by a convicted felon, and possession of a controlled substance, first degree. The circuit court severed the handgun charge, but Willis went to trial for murder and possession of a controlled substance. At trial, the circuit court granted a directed verdict on the possession of a controlled substance charge, and the jury convicted Willis of reckless homicide and recommended a five-year sentence. This appeal followed.

## ANALYSIS

Willis contends the circuit court erred by: (1) failing to instruct the jury on a mistake of fact defense; (2) giving a reckless homicide instruction over the parties' objections; (3) failing to direct a verdict on the murder charge; (4) failing to disclose his prior criminal convictions during the penalty phase; (5) failing to admonish the jury after the Commonwealth improperly commented on his right to remain silent; and (6) failing to dismiss the indictment due to material omissions made by the detective before the grand jury. We take each argument, in turn.

-3-

*Mistake of Fact Defense*

Willis believes the circuit court erred by failing to instruct the jury on a mistake of fact defense. We disagree.

The circuit court must instruct the jury upon every theory reasonably supported by the evidence. "[E]ach party to an action is entitled to an instruction upon his theory of the case if there is evidence to sustain it." *McAlpin v. Davis Const., Inc.*, 332 S.W.3d 741, 744 (Ky. App. 2011) (quoting *Farrington Motors, Inc. v. Fidelity & Cas. Co. of N.Y.*, 303 S.W.2d 319, 321 (Ky. 1957)). The same rule applies in criminal cases. *Thomas v. Commonwealth*, 170 S.W.3d 343, 348-49 (Ky. 2005).

However, in deciding whether to give a requested instruction, the circuit court must decide "whether the evidence would permit a reasonable juror to make the finding the instruction authorizes." *Springfield v. Commonwealth*, 410 S.W.3d 589, 594 (Ky. 2013). Under *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999), a circuit court abuses its discretion when its decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. "A decision to give or to decline to give a particular jury instruction inherently requires complete familiarity with the factual and evidentiary subtleties of the case that are best understood by the judge overseeing the trial from the bench in the courtroom." *Sargent v. Shaffer*, 467 S.W.3d 198, 203 (Ky. 2015). "Because such decisions are

necessarily based upon the evidence presented at the trial, the trial judge's superior view of that evidence warrants a measure of deference from appellate courts that is reflected in the abuse of discretion standard." *Id.* (footnote omitted).

Willis believes his testimony at trial was enough to warrant a mistake of fact defense because he demonstrated he did not have the culpable mental state to commit murder.

A mistake of fact defense is provided under KRS[1] 501.070.

(1) A person's ignorance or mistake as to a matter of fact or law does not relieve him of criminal liability unless:

(a) Such ignorance or mistake negatives the existence of the culpable mental state required for commission of an offense; or

(b) The statute under which he is charged or a statute related thereto expressly provides that such ignorance or mistake constitutes a defense or exemption; or

(c) Such ignorance or mistake is of a kind that supports a defense of justification as defined in this Penal Code.

"[A] mistake of fact is not a defense to a charge unless the mistake would support a defense of justification or otherwise show that the charged offense . . . could not have been committed." *Mullikan v. Commonwealth*, 341 S.W.3d 99, 107 (Ky. 2011) (internal quotation marks and citations omitted).

---

[1] Kentucky Revised Statutes.

A jury instruction on a statutory defense is only required if the evidence introduced would permit a reasonable juror to conclude the defense exists. *Conyers v. Commonwealth*, 530 S.W.3d 413, 431 (Ky. 2017). A mistake of fact instruction is only justified if: (1) evidence is presented at trial that would allow the jury to infer that the defendant's actions resulted from a reasonable and bona fide mistake of fact; and (2) the mistake must negate the applicable mental state of the charged offense. *Cheser v. Commonwealth*, 904 S.W.2d 239, 242 (Ky. App. 1994), *overruled on other grounds by Walker v. Commonwealth*, 127 S.W.3d 596 (Ky. 2004). The evidence must justify a "reasonable doubt of the defendant's guilt as the defendant did not know what he or she was doing. The sufficiency of the evidence in such situations is a question of law for the courts to determine on a case-by-case basis." *Id.* (citations omitted).

Here, Willis admitted to pointing the gun at Spriggs and Wells and seeing a shell casing on the floor. However, the shell casing was of a different caliber and came from a different gun. Additionally, Willis was under the influence of heroin and was freshly awakened after having passed out. There was also evidence introduced that tape was on the gun to hold the magazine in place and a piece of tape covered the safety. And, if Willis thought the gun was unloaded, it is reasonable to believe more than one shell would have been seen on

the floor. All in all, there is not enough evidence to justify the instruction. We find no error.

*Reckless Homicide Instruction*

The Commonwealth tendered a jury instruction on reckless homicide but later withdrew the request, stating testimony did not support the instruction. Willis also objected to the instruction. Regardless, the circuit court gave the instruction to the jury, believing the testimony was sufficient to support such a finding. Ultimately, the jury found Willis guilty of reckless homicide.

Reckless homicide is defined as recklessly causing the death of another. KRS 507.050(1). A person acts recklessly when he "fails to perceive a substantial and unjustifiable risk that the result will occur[.]" KRS 501.020(4). The risk "must be of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." *Id*.

There are two theories under which a defendant can be convicted of reckless homicide: (1) the defendant acted without an intent to kill but with an awareness and conscious disregard of a substantial and unjustifiable risk that his action would result in the victim's death, KRS 507.050(1); KRS 501.020(4); and (2) the defendant acted either with or without an intent to kill but under an actual but mistaken belief that the circumstances then existing required the use of

physical force (or deadly physical force) in self-protection, and with an awareness and conscious disregard of a substantial and unjustifiable risk that such belief was mistakenly held. KRS 501.020(4); KRS 503.120(1). *Saylor v. Commonwealth*, 144 S.W.3d 812, 818-19 (Ky. 2004). The evidence clearly supports a jury instruction based on the first of these two theories.

We believe the circuit court was well within its discretion to instruct the jury on reckless homicide. Although Willis contends he thought the gun was unloaded, it does not negate his reckless behavior. His conduct demonstrated he "failed to perceive a substantial and unjustifiable risk that his conduct would result in the death of another." He admitted to holding the gun, swinging the gun toward the girls, and wanting to scare them. This conduct, at the very least, was reckless, and a reasonable juror could agree.

*Directed Verdict*

Willis also believes the circuit court erred by failing to grant a directed verdict on murder. We disagree.

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). A person is guilty

of murder when:

> (a) With intent to cause the death of another person, he causes the death of such person or of a third person; except that in any prosecution a person shall not be guilty under this subsection if he acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be . . . ; or
>
> (b) . . . he wantonly engages in conduct which creates a grave risk of death to another person and thereby causes the death of another person.

KRS 507.020(1).

Willis argues the Commonwealth did not prove: (1) he intended to

kill Spriggs; or (2) he acted in a way that "is a gross deviation from the standard of

conduct a reasonable person would have observed in the situation." (Appellant's

Brief p. 14.) We disagree.

The Commonwealth did not assert Willis was guilty of intentionally

killing Spriggs, but rather that his actions demonstrated wantonness. There was

sufficient evidence, as discussed previously, that when considered in the light most

favorable to the Commonwealth, a reasonable juror could conclude beyond a

reasonable doubt that Willis was guilty of wanton murder. Only in the criminal

world might Willis's conduct be judged as not being a gross deviation from the

standard of conduct. But that is not the world of the reasonable person in which we apply these rules. The circuit court did not commit an error in denying Willis's motion for a directed verdict.

*Prior Criminal Convictions*

Willis argues he was denied due process of law because the Commonwealth failed to specifically disclose the prior drug convictions it intended to use during the penalty phase. We agree the Commonwealth committed a discovery violation by failing to notify Willis of its intent to introduce the convictions. However, we hold a justification for remand does not exist.

A circuit court's discovery order, pursuant to RCr[2] 7.24, requires the Commonwealth to produce all discoverable material to defendants within thirty days of its issuance. We have stated that the premise underlying RCr 7.24 is not only to inform the defendant of his prior convictions (of which he should be aware), but to inform him that the Commonwealth knows about them. *See Chestnut v. Commonwealth*, 250 S.W.3d 288, 297 (Ky. 2008). "This ensures that the defendant's counsel is capable of putting on an effective defense, as per the intent of the rule." *Id.* (citation omitted). Thus, disclosure was proper, as "[a] cat and mouse game whereby the Commonwealth is permitted to withhold important

---

[2] Kentucky Rules of Criminal Procedure.

information requested by the accused cannot be countenanced." *James v. Commonwealth*, 482 S.W.2d 92, 94 (Ky. 1972).

However, this error alone does not warrant reversal of Willis's sentence without a further analysis of its effect – *i.e.*, whether it was harmless under RCr 9.24. Willis says it was not harmless because the drug convictions revealed him as a drug user. However, during the guilt phase, Willis admitted his heroin usage. We consider that fact when asking "whether the error itself had substantial influence" on Willis's sentence. *Winstead v. Commonwealth*, 283 S.W.3d 678, 689 (Ky. 2009) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). We conclude it did not.

We believe this error did not have a substantial effect on the jury because the jury already heard Willis was a heroin user. Therefore, we affirm the sentence.

*Admonishment of Jury*

During closing arguments, the Commonwealth stated,

> We got our proof in a couple of different ways. We got our proof from, as it turns out, Kenneth Willis. This wasn't something that we had coming into the trial because Kenneth Willis never made a statement. Kenneth Willis never called the police.

(Video Record (VR) 2/19/19; 1:15:40.) The Commonwealth went on to say,

> And this is important, as it pertains to the law, because when he ran away, he knew what he was running from.

-11-

> He knew what he had done. And he knew that he couldn't go to the police. That goes to his mindset, and that's something important.

(VR 2/19/19; 1:18:30.) And, finally, the Commonwealth told the jury, "He hadn't told that story before." (VR 2/19/19; 1:19:00.) Willis's counsel finally objected and requested the circuit court to admonish the jury. The circuit court sustained the objection and instructed the Commonwealth to not make any more comments about Willis's lack of statement, but it did not admonish the jury.

Willis argues the circuit court erred by failing to give an admonition. A circuit court's failure to give a warranted admonition constitutes error, but it may be deemed harmless if there is no reasonable likelihood the jury was swayed by the error. *Commonwealth v. Tramble*, 409 S.W.3d 333, 339 (Ky. 2013). We conclude the circuit court's decision not to admonish the jury was harmless error.

As in *Hunt v. Commonwealth*, "examination of the [prosecution's closing argument] discloses that the prosecutor came nowhere near making a direct comment on any invocation by [the defendant] of his right to remain silent . . . ." 304 S.W.3d 15, 36 (Ky. 2009). Recently, our Supreme Court quoted *Hunt*, stating

> it is clear that not every isolated instance referring to post-arrest silence will be reversible error. It is only reversible error where post-arrest silence is deliberately used to impeach an explanation subsequently offered at trial or where there is a similar reason to believe the defendant has been prejudiced by reference to the exercise of his constitutional right. The usual situation where reversal

-12-

occurs is where the prosecutor has repeated and emphasized post-arrest silence as a prosecutorial tool.

*Conley v. Commonwealth*, 599 S.W.3d 756, 777 (Ky. 2019) (quoting *Hunt*, 304 S.W.3d at 36). We cannot conclude that what occurred in the closing argument in this case was of any degree more prejudicial than in *Hunt*. Nor are we prepared to say the prosecutor intended his statements to focus the jury's attention on Willis's post-arrest silence "as a prosecutorial tool."

Under the circumstances of this case, we conclude that the circuit court's failure to admonish the jury was harmless error.

## *Dismiss Indictment*

On July 18, 2016, the detective in this case testified before the grand jury. In his testimony, the detective stated, "Through investigative efforts and witnesses on scene, it was determined that Kenneth Dwayne Willis shot her [Spriggs] after an argument over an alleged drug theft." (VR 1/29/2019; 9:29:53.) Ultimately, the grand jury indicted Willis for murder. Willis believes the indictment should be dismissed because the detective failed to tell the grand jury (1) the shooting was an accident; (2) he had Wells help him put Spriggs in the car; and (3) he drove her to the hospital as fast as he could.

A failure to dismiss an indictment is reviewed under an abuse of discretion standard. *Commonwealth v. Baker*, 11 S.W.3d 585, 591 (Ky. App. 2000). We do not believe the circuit court abused its discretion.

For Willis to succeed in dismissing his indictment, he must demonstrate that there was a flagrant abuse of the grand jury process which resulted in actual prejudice. *Commonwealth v. Hill*, 228 S.W.3d 15, 17 (Ky. App. 2007). Where it is alleged the testimony is misleading, it must have resulted in both "actual prejudice and deprived the grand jury of autonomous and unbiased judgment." *Baker*, 11 S.W.3d at 588 (citation omitted). Given the facts of this case, it was not prejudicial that the detective failed to state Willis's defense that the shooting was an accident and he tried to rectify the situation by driving Spriggs to the hospital before abandoning her there. Therefore, the circuit court did not abuse its discretion.

## CONCLUSION

For the foregoing reasons, we affirm the Jefferson Circuit Court's April 18, 2019 Judgment of Conviction and Sentence of Kenneth Dwayne Willis.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Euva D. May
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky