RENDERED:  MAY 7, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0405-MR

VIVIAN HILL                                                                                      APPELLANT

v.                  APPEAL FROM FAYETTE CIRCUIT COURT
                    HONORABLE THOMAS L. TRAVIS, JUDGE
                    ACTION NO. 17-CI-03411

CHI KENTUCKY, INC.; AND                                          APPELLEES
CATHOLIC HEALTH INITIATIVES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE:  Vivian Hill appeals the Fayette Circuit Court's February 4, 2020 order granting CHI Kentucky, Inc.'s (CHI) motion *in limine* and the February 28, 2020 trial verdict and judgment.  She alleges the trial court erred by: (1) excluding a photograph from evidence; and (2) erroneously instructing the jury. Finding no error, we affirm.

# BACKGROUND

On October 27, 2016, Hill accompanied her daughter to a medical appointment at CHI. When Hill entered the building's foyer, she tripped and fell. According to Hill, a "puckered" or "wrinkled" edge of a floor mat caused her fall. She brought a premises liability action against CHI claiming the mat was a hazardous condition CHI had a duty to eliminate or warn against.

During discovery, CHI produced three photographs of the foyer. Photo #1 was of poor quality. Hill alleged the photo showed the wrinkle she said caused her fall. Photos #2 and #3 were better quality but showed the mat was flat to the floor; Hill alleged these photos showed the mat had been modified or straightened after her fall. However, there is no testimony or other evidence that any of the photos accurately reflected the condition of the mat at the time of Hill's fall. CHI filed a pre-trial motion *in limine* to exclude the use of the photographs because they lacked the proper foundation or authentication.

At the time of the pretrial conference, both parties acknowledged the photos lacked authentication. The trial court reviewed the photographs and found as follows:

> The Court was presented with 3 color pictures of commercial floor mats in place in vicinity of the Plaintiffs [sic] fall, which it marked as #1, #2, #3 which are attached to this order and placed in the record. The Court understands there [sic] were produced by the Defendant in discovery, yet there seems to be some uncertainty as to

when, why and by whom they were taken. The original digital images are unavailable.

**Photo #1 is inadmissible, therefore the Defendant's motion to exclude is SUSTAINED**. This photo is of poor quality making it unreliable. The prejudicial effect of admitting this photograph outweighs any probative value it may have had.

**Photos #2 and #3 may be admissible, dependent upon a showing of relevance and a proper foundation being made. Defendant's motion to exclude is OVERRULED at this time.** These photos *shall not* be shown or published to the jury until they are admitted into evidence at trial.

(Trial Record (T.R.) at 515). Hill moved the trial court to reconsider its ruling, but the motion was denied.

The trial spanned two days. Hill's counsel, despite the trial court's prior ruling excluding Photo #1, attempted to have two witnesses authenticate it. (Video Record (V.R.) 2/11/20; 1:26:11-1:31:38; 2/11/2020; 1:14:20-1:18:19.) Neither witness could do so and Hill's counsel did not pursue introduction of Photo #1 further. Counsel made no attempt to introduce Photo #2 or Photo #3 at trial.

At the close of evidence, the trial court presented its draft jury instructions to counsel for both parties, and both parties submitted proposed jury instructions to the court. Hill's wanted language from §24.04 of Palmore's Kentucky Instructions to Juries to be included regarding the duty and breach

elements. After considering counsel's arguments, the trial court used language reflecting that found in Palmore's §24.03, §24.04, and §24.07.

After jury deliberations, the jury returned a verdict in favor of CHI. This appeal followed.

## STANDARD OF REVIEW

We review decisions to admit or exclude evidence under an abuse of discretion standard. *Clephas v. Garlock, Inc.*, 168 S.W.3d 389, 393 (Ky. App. 2004). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). The test is not whether an appellate court would have decided the matter differently, but whether the trial court's rulings were clearly erroneous or constituted an abuse of discretion. *Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982). Reversal is only warranted if the error, unless corrected, would prejudice the substantial rights of a party. *Davis v. Fischer Single Family Homes, Ltd.*, 231 S.W.3d 767, 776 (Ky. App. 2007). A substantial possibility that the jury verdict would have been different had the excluded evidence been allowed to be presented

-4-

must exist. *Crane v. Commonwealth*, 726 S.W.2d 302, 307 (Ky. 1987); CR[1] 61.01, KRE[2] 103.

Alleged errors in jury instructions are considered questions of law examined under a *de novo* standard of review. *Hamilton v. CSX Transp., Inc.*, 208 S.W.3d 272, 275 (Ky. App. 2006).

## ANALYSIS

*Photograph #1*

Hill contends the trial court abused its discretion by excluding Photo #1. Only that photograph's admissibility is under review. The order *in limine* says the prejudicial effect of admitting that photograph substantially outweighed its probative value and, therefore, it was disallowed under KRE 403. But, at trial, before a trial court reaches the question raised by KRE 403, there are preliminary hurdles to clear.

> First, the photograph shall be properly authenticated. "An authentic photograph is one that constitutes a fair and accurate representation of what it purports to depict." Thus, "the photograph must . . . be verified testimonially as a fair and accurate portrayal of [what] it is supposed to represent." Second, the photograph must be relevant by having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the photograph. "[I]f the fact to be evidenced by the

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Rules of Evidence.

photograph is itself not admissible, obviously it cannot be proved by photograph or otherwise." Third, the trial court must determine that the photograph's probative value is not "substantially outweighed by the danger of undue prejudice, confusion of the issues or misleading the jury, . . . or needless presentation of cumulative evidence."

*Gorman v. Hunt*, 19 S.W.3d 662, 668-69 (Ky. 2000) (citations omitted).

The order *in limine* approached the admissibility question by noting the "uncertainty as to when, why and by whom" all three photographs then in question were taken. The order *in limine* presumes Hill would be able to authenticate the photographs at trial. Even with that presumption in Hill's favor, the trial court concluded KRE 403 would prevent its use at trial. With that pretrial context in mind, we pause to address the purpose of orders *in limine*.

Orders *in limine* are pretrial procedural devices that facilitate management of a case, generally by addressing difficult evidentiary issues in advance of trial. 75 AM. JUR. 2D *Trial* § 37. They are interlocutory only and subject to change during trial. *Id.* No doubt, that is why Hill sought to admit Photo#1 despite the interlocutory ruling against its admissibility.

At trial, counsel's foundational task was to authenticate the photographs. *Hall v. Commonwealth*, 468 S.W.3d 814, 831 (Ky. 2015) ("Authentication is a foundational requirement or condition precedent to admissibility."). "The burden on the proponent of authentication is slight; only a *prima facie* showing . . . is required." *Sanders v. Commonwealth*, 301 S.W.3d 497,

501 (Ky. 2010). "[A]uthentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." KRE 901(a).

Not improperly, but implicitly, Hill challenged the interlocutory ruling that Photo #1 was inadmissible by questioning both Nurse Manager Joan Morrin and Hospital Administrator Denise Hundley about all three photographs. CHI did not object.

The testimony elicited from Morrin did not help Hill in authenticating Photo #1. She acknowledged the photograph depicted a place with which she was familiar – the lobby of her place of work. But she could not testify whether the photograph was taken contemporaneously with Hill's fall, or that it depicted the condition of the lobby or the mat at that time. Nor could Hill's counsel demonstrate that Morrin took the photo. Even after allowing Morrin to look at her cell phone, Hill's counsel apparently concluded she did not have the pictures on her device and ended his questioning without urging admission of the photos. (V.R. 2/11/2020 1:14:20-1:18:19.)

Hill's counsel then questioned the hospital administrator, Denise Hundley, about Photo #1 which was on a single piece of paper that also included another photograph. She recognized it as the same photograph counsel had shown her at her deposition but did not know who took the photograph. She answered affirmatively when asked whether the photograph "accurately, and fairly,

depict[ed] the area, where . . . Hill fell, the person fell that you helped up?" That prompted Hill's counsel to ask that the photograph be marked as a plaintiff's exhibit and then passed the witness.

On cross-examination, Hundley clarified that she had been focused on assisting Hill and could not recall taking notice of the condition of the lobby mats. When asked whether she could testify that "either of those pictures accurately represent the condition of that foyer either before or after Ms. Hill's fall," she said, "I can't." (V.R. 2/11/2020 1:26:11-1:31:36.)

We do not know whether the trial court would have accepted this or any other testimony as sufficient authentication because Hill's counsel never moved the court to admit any of the photographs. To some degree at least, this renders moot Hill's argument that the trial court erred at the pretrial by disallowing the evidence on KRE 403 grounds. Hill failed to present the trial court an opportunity to rule on KRE 901(a) grounds.

However, Hill's efforts at trial regarding Photo #1 eliminated any doubt whether the possible danger of undue prejudice, confusion, or misleading the jury substantially outweighed the photograph's probative value. To be probative, there must be proof the evidence "is what its proponent claims." KRE 901(a). Hill claims Photo #1 depicts the condition of the mat when she fell. But there was no

"[t]estimony that [Photo #1] is what it is claimed to be." KRE 901(b)(1). Without such testimony, there is no probative value to the photograph.

Obviously, then, we cannot say the trial court abused its discretion when it ruled Photo #1 inadmissible on KRE 403 grounds.

*Jury Instructions*

"[T]he general rule for the content of jury instructions on negligence is that they should be couched in terms of duty. They should not contain an abundance of detail, but should provide only the bare bones of the question for jury determination." *Rogers v. Kasdan*, 612 S.W.2d 133, 136 (Ky. 1981).

In premise liability cases, a plaintiff must prove negligence on the part of the defendant. "[A] landowner has a general duty to maintain the premises in a reasonably safe manner; and the scope of that duty is outlined according to the status of the plaintiff." *Smith v. Smith*, 563 S.W.3d 14, 16 (Ky. 2018) (quoting *Shelton Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 909 n.28) (Ky. 2013)). So, the first step in resolving a premises liability case is to determine the plaintiff's status.

In this case, there was no dispute Hill was an invitee. The question, then, is whether the instruction properly stated CHI's duty to Hill as an invitee.

The instruction stated:

INSTRUCTION NO. 2

It was the duty of Defendant CHI Kentucky, Inc. and its employees to exercise ordinary care to maintain it [sic] premises in a reasonably safe condition for visitors, including Plaintiff Vivian Hill.

You will find for the Plaintiff, Vivian Hill, if you are satisfied from the evidence that:

A.  Due to the manner in which Defendant CHI Kentucky, Inc. maintained the floor mats in the foyer of its building, its premises were not in a reasonably safe condition for use by visitors including Plaintiff;

AND

B.  Defendant CHI Kentucky, Inc.'s failure to comply with this duty was a substantial factor in causing Plaintiff Vivian Hill's injuries.

Otherwise you will find for the Defendant.

Even though you might otherwise find for the Plaintiff under Instruction No. 2, you will nevertheless find for Defendant if you are further satisfied from the evidence that Defendant's employees neither knew of, nor in the exercise of ordinary care, should have discovered the presence of the alleged hazard in sufficient time to remove it or warn Plaintiff before her fall.

(T.R. 581.)

As noted earlier, this instruction was derived from Palmore's Instructions to Juries §24.03, §24.04, and §24.07. It accurately states CHI owed a duty to maintain the premises in a safe condition. Significantly, there is no evidence CHI created a hazardous condition in the first place by the manner in

-10-

which it placed the mats or had them placed. As Hill points out, the evidence was that the mats tended to pucker when other invitees walk on them.[3] (Appellant's brief, p. 1.) At most, Hill's evidence "shift[ed] the burden of proving the absence of negligence, *i.e.,* the exercise of reasonable care, to the party who invited the injured customer to its business premises" – CHI. *Brewster v. Colgate-Palmolive Co.*, 279 S.W.3d 142, 149-50 (Ky. 2009) (citation omitted).

Palmore's Instruction §24.04 is best suited to cases in which the evidence establishes the possessor of the property, because it does not include the second part of the instruction that allows the jury to find for the defendant who has not created the hazard and, therefore, might not have known, or in the exercise of ordinary care discovered, the presence of the alleged hazard in sufficient time to remove it or warn of it. That provision is part of the other two sections of Palmore relied upon by the trial court, Palmore's §24.03 and §24.07.

We conclude the trial court's instructions were in harmony with the law. *Shelton*, 413 S.W.3d at 909 ("possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them"). "No liability is imposed when the defendant is deemed to have acted reasonably under the given circumstances." *Id.* at 911.

---

[3] Hill does argue that CHI should have used different business judgment in selecting and placing the mats, or not placing the mats during sunny weather. We are not persuaded that this is the equivalent, in this case at least, to CHI's creation of a hazard.

## **CONCLUSION**

For the foregoing reasons, the Fayette Circuit Court's February 4, 2020 order *in limine* and the February 28, 2020 trial verdict and judgment are affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Joseph Rugg
Lexington, Kentucky

BRIEF FOR APPELLEES:

Holly R. Iaccarino
Jeffrey T. Barnett
Lexington, Kentucky